1  Michelle E. Armond (SBN 227,439)
   michelle.armond@knobbe.com
2  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street
3  Fourteenth Floor
   Irvine, CA  92614
4  Phone: (949) 760-0404
   Facsimile: (949) 760-9502
5
   Attorneys for Plaintiff
6  POPSOCKETS LLC

7

8

9                 IN THE UNITED STATES DISTRICT COURT

10             FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12

| POPSOCKETS LLC, | ) Civil Action No. 8:17-CV-01825 |
|---|---|
| Plaintiff, | ) **COMPLAINT** |
| v. | ) **DEMAND FOR JURY TRIAL** |
| GIFTEKTM LLC and ZOE OZVEREN, | ) |
| Defendants. | ) |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff, PopSockets LLC ("PopSockets"), by and through its undersigned attorneys, for its Complaint for patent, copyright, and trademark infringement against Defendants GiftekTM LLC and Zoe Ozveren ("Ozveren") (collectively, "Defendants"), hereby alleges:

## INTRODUCTION

1.     PopSockets is one of the nation's leading providers of grips and clip accessories for handheld electronic devices and its products are, and for several years have been, sold in stores and online throughout the country.

2.     GiftekTM LLC was originally incorporated in 2016 in the State of Texas.

3.     GiftekTM LLC, upon information and belief, including representations by GiftekTM LLC's counsel, was merged into a California corporation, also named GiftekTM LLC ("GiftekTM"), on or around August 28, 2017.

4.     Ozveren is and has been a substantial owner, managing member, and sole member of GiftekTM.  On information and belief, Defendants have made unauthorized use of PopSockets' patented technology by importing, making, using, selling, and/or offering for sale counterfeit products that, but for inferior materials, construction, and operation, are nearly identical to the collapsible socket product covered by PopSockets' patent.

5.     On information and belief, Defendants copied PopSockets' registered works of art from PopSockets' and/or PopSockets' authorized resellers' website(s) and product packaging and used these works of art to create strikingly or substantially similar versions of these works of art.

6.     Defendants have used confusingly similar variations of PopSockets' registered POPSOCKETS trademark in connection with Defendants products.

**NATURE OF THE CASE**

7.     This action arises under the patent laws of the United States, 35 U.S.C. § 271 for Defendants' infringement of the U.S. Patent No. 8,560,031 (the "'031 Patent"), under the Copyright Act for Defendants' unlawful copying of PopSockets' registered works of art, under the Lanham Act, and laws of California for using confusingly similar variations of PopSockets' registered trademark.

**THE PARTIES**

8.     PopSockets is a corporation organized under the laws of Colorado with its corporate headquarters and principle place of business at 3033 Sterling Circle, Boulder, Colorado 80301.

9.     GiftekTM is a corporation organized under the laws of California with its corporate headquarters and principle place of business at 198 Borrego, Irvine, California 92618.

10.     Ozveren is and has been the substantial owner, managing member, and sole member of GiftekTM, and has an address of and resides at 198 Borrego, Irvine, California 92618.

**JURISDICTION AND VENUE**

11.     The action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*, the copyright laws of the United States 17 U.S.C. § 101 *et seq.*, and the trademark laws of the United States 15 U.S.C. § 1051 *et seq.*  The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Defendants reside in this District as well as have committed acts of infringement in this District and have a regular and established place of business in this District.

13.     Personal jurisdiction exists over Defendants because: (1) Defendants are incorporated and have their principal places of business, or

otherwise reside in this District, (2) Defendants regularly conduct business in this District and throughout this State, and (3) Defendants have committed, and continue to commit, acts of patent, copyright, and trademark infringement, and/or induced acts of patent, copyright, and trademark infringement by others, in this District and throughout this State.

## FACTUAL BACKGROUND

### The 8,560,031 Patent

14.     PopSockets is the assignee, and the sole and exclusive owner of all right, title, and interest in the '031 Patent, entitled "Extending Socket for Portable Media Player."  The '031 Patent was duly and legally issued by the United States Patent and Trademark Office on October 15, 2013.  A copy of the '031 Patent is attached hereto as Exhibit A.

15.     Mr. Barnett, named inventor of the inventions claimed in the '031 Patent, is the CEO of PopSockets.

16.     PopSockets has been producing its collapsible socket product since 2012.  PopSockets' collapsible socket product is well-known nationwide and carried in retail stores throughout the country such as Target and Best Buy.

17.     Since its inception, PopSockets has been recognized and touted by major media outlets.  In 2012, National Public Radio (NPR) recognized PopSockets' innovativeness.  The Wall Street Journal identified PopSockets' collapsible socket product as the "best" compact "smartphone support" accessory in 2015.  USA Today named PopSockets "the coolest tech you have to see" in 2015.  PopSockets won the "Fueling Innovation" contest sponsored by Mercedes Benz in 2013, was featured at the 2015 Consumer Electronics Show, and was the first recipient of Kate Galliet's "Fit For Real Life Seal of Approval" award in 2016.

18.     PopSockets' collapsible socket product can be used in a variety of different ways.  For example, consumers can use PopSockets' collapsible socket

as a grip for taking pictures, as a stand to prop up a mobile device, or to ease a consumer's texting, scrolling, or other common portable media player device uses.

19.    PopSockets allows customers to customize the collapsible sockets with various graphics and designs.   PopSockets currently sells over 120 different decorative designs with various base and accordion colors.  In addition, users can upload graphics or images to customize the collapsible socket product.

20.    To the extent required by law, PopSockets has complied with the provisions of 35 U.S.C. § 287.

21.    Defendants' socket product ("Accused Product") is marketed as a smart phone expanding stand and grip.

22.    On information and belief, Defendants are responsible for importing, making, using, selling, and offering for sale the Accused Product.

23.    PopSockets sent a cease and desist letter to Defendant GiftekTM on May 16, 2017 notifying the company that it is infringing PopSockets' intellectual property rights.  In the letter, PopSockets specifically referenced its patent and trademark registrations and requested that GiftekTM cease distributing the Accused Product.

24.    Defendants continue to promote, offer for sale, and sell the Accused Product on websites such as Amazon.com, Bonanza.com, Ubuy.com, and others.

25.    Some of the Accused Products sold by Defendants incorporate aesthetic designs and graphics that closely resemble those used on PopSockets' products.

26.    Each Defendant has infringed, is currently infringing, and unless enjoined, will continue to infringe at least claims 9 and 16 of the '031 Patent in this District and elsewhere in the United States by importing, making, using, selling, and/or offering for sale the Accused Product.   Defendants' infringe

-4-

1   claim 9 by importing, making, using, selling, and/or offering for sale the
2   Accused Product which embodies:



A          B          C          D

8       a.      a securing element for attaching the socket to the back
9               of a portable media player or player case and an accordion
10              forming a tapered shape connected to the securing element,
11              as illustrated in figures C and D above.
12      b.      an accordion that is capable of extending outward
13              generally along its axis from the portable media player or
14              player case and retracting back toward the portable media
15              player or player case by collapsing generally along its axis,
16              as illustrated in figures A, B, and C above.
17   27.    Examples of Defendants' infringement of claim 16 includes
18   performing the claimed method steps of:
19      a.      attaching a socket including the accordion to a
20              portable media player or player case, as shown in figure D
21              above.
22      b.      selectively extending the socket by unfolding the
23              accordion generally along its axis, as shown in figure C
24              above.
25      c.      selectively retracting the socket by folding the
26              accordion generally along its axis such that the walls fold
27              next to each other, as shown in figure A.
28

-5-

**Defendants' Unauthorized Use of PopSockets' Works of Art**

28.    PopSockets holds and owns the copyrights in the works of art, attached hereto as Exhibit B ("Works of Art"), that were unlawfully copied by Defendants.  *See* Reg. Nos. VA0002058463; VA0002058435; VA0002058466; VA0002058447; VA0002058459; VA0002058443; VA0002058815.

29.    PopSockets' and/or PopSockets' authorized resellers' website(s) and product packaging include illustrations of its collapsible socket product, including the graphics copied by Defendants.

30.    On information and belief, in their promotion of the Accused Product, and without permission or authorization from PopSockets, Defendants copied and used, and continues to use, at least seven Works of Art, shown below, that are either identical or strikingly or substantially similar to graphics displayed on PopSockets' and/or PopSockets' authorized resellers' website(s) and product packaging.

| PopSockets' Registered Works of Art | Defendants' Use of the Works of Art |
|---|---|
|  |  |

**Defendants' Unauthorized Use of PopSockets' Trademark**

31.     PopSockets owns a federal trademark registration for POPSOCKETS (the "Mark").  The registration certificate is attached hereto as Exhibit D.  *See* U.S. Registration No. 4,572,125.

32.     PopSockets has used the Mark since at least 2011.

33.     PopSockets has used and continues to use the Mark on its websites, product packaging, product displays, advertisements, and social media pages.

34.     Due to the Mark's inherent distinctiveness, and as a result of PopSockets' marketing and advertising efforts, the POPSOCKETS Mark serves as a source identifier for PopSockets' products.

35.     Without permission or authorization, Defendants use and sell products in connection with confusingly similar variations of the Mark on websites and web marketplaces such as Shopify, amongst others.  Specifically, Defendants have used the confusingly similar term "POP SOCKET" to market their goods, and have included the term "popsocket" in the URLs that link to the Accused Product.  Defendants may include a word between POP and SOCKET, but accentuate or capitalize the terms POP and SOCKET, resulting in a confusingly similar variation of the Mark.  For example, Defendants have marketed their nearly identical product as "POP GRIP SOCKET" and "POP Grip – Whale Tail – SOCKET," among other infringing variations.

36.     Defendants' intent to trade on the goodwill of the PopSockets brand is made clear by the use of "popsocket" in URLs that link to the Accused Product and use of POP and SOCKET in all capital letters to create a direct visual connection between the terms that comprise PopSockets' Mark. Capitalizing POP and SOCKET effectively hides lowercase terms with the visually dominant POP and SOCKET grabbing consumer attention.

37.     At the time Defendants began making, using, importing, selling, and/or offering for sale products that bear confusingly similar variations of the

Mark, they had actual knowledge, or should have known, of PopSockets' use of the Mark.

38.    On information and belief, Defendants willfully used confusingly similar variations of the Mark in order to trade on PopSockets' goodwill and business reputation.

39.    Defendants' use of identical or confusingly similar variations of the Mark creates a likelihood of confusion as to the source of Defendants' products.

**Relationship Between the Defendants**

40.    On information and belief, GiftekTM has been operated by Ozveren since the company's inception.

41.    Ozveren is the registered agent, managing member, substantial owner, and sole member of GiftekTM.

42.    On information and belief, Ozveren formed GiftekTM to market and sell the Accused Product.

43.    Ozveren and GiftekTM share the same address.

44.    Ozveren applied to register the trademark PROP GRIPS with the United States Patent and Trademark Office.  Ozveren listed herself as the owner of the application and used GiftekTM e-mail addresses, "sales@buygiftek.com" and "giftektm@gmail.com," as her contact.

45.    In order to prove use of the PROP GRIPS trademark in commerce, Ozveren uploaded a photo of product packaging, shown below, that includes strikingly or substantially similar variations of PopSockets' Works of Art:



## COUNT ONE

## INFRINGEMENT OF THE '031 PATENT BY GIFTEKTM

46.    PopSockets hereby incorporates the allegations of paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47.    GiftekTM has infringed, is currently infringing, and unless enjoined, will continue to infringe at least claims 9 and 16 of the '031 Patent.

48.    GiftekTM has directly infringed and continues to directly infringe the '031 Patent by importing, making, using, selling, and/or offering for sale the Accused Product.

49.    On information and belief, GiftekTM has willfully infringed and continues to willfully infringe the '031 Patent despite knowledge of the '031 Patent (at least as of the date PopSockets sent the cease and desist letter to GiftekTM, and likely before through PopSockets' patent markings) and despite an objectively high likelihood that the sale and use of the Accused Product would infringe one or more claims of the '031 Patent.  GiftekTM's knowledge of the '031 Patent and its claimed invention is further evidenced by GiftekTM's copying and use of Works of Art from PopSockets' website and product

packaging that depict PopSockets' collapsible socket product embodying the claimed inventions.

50.     On information and belief, GiftekTM indirectly infringes one or more claims of the '031 Patent by inducing its customers' infringement through the use of the Accused Product.  On information and belief, GiftekTM knew or should have known that its acts would result in the actual infringement of one or more of the claims of the '031 Patent by one or more of its customers and thereby intended such infringement.

51.     GiftekTM's acts did, in fact, induce such infringement of one or more claims of the '031 Patent by instructing and encouraging these persons, by means of promotional and instructional guides, and/or physical demonstration, to use the Accused Product in a manner that infringed the '031 Patent. By following these instructions, GiftekTM's customers have directly infringed and continue to directly infringe at least claims 9 and 16 of the '031 Patent.

52.     As a direct and proximate consequence of GiftekTM's infringement of the '031 Patent, PopSockets has suffered and will continue to suffer irreparable injury and damages in an amount that an award of money would never be adequate to fully remedy, for which PopSockets is entitled to relief.  PopSockets seeks damages, as well as injunctive relief against further infringement.

## COUNT TWO

## INFRINGEMENT OF THE '031 PATENT BY OZVEREN

53.     PopSockets hereby incorporates the allegations of paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54.     On information and belief, Ozveren actively assisted, and continues to assist, with GiftekTM's infringement of the '031 Patent and is liable for inducing infringement.

-10-

55.   On information and belief, as the managing member, substantial owner, and sole member of GiftekTM, Ozveren is directly responsible for the day-to-day operations of GiftekTM and had knowledge of PopSockets' patented technologies and the '031 Patent at least as of the date the cease and desist letter was received by GiftekTM, and likely before through PopSockets' patent markings.  Despite such knowledge and awareness, on information and belief, Ozveren intentionally directed GiftekTM to perform the actions giving rise to GiftekTM's infringement of the '031 Patent.

### COUNT THREE

### COPYRIGHT INFRINGEMENT BY GIFTEKTM

56.   PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57.   PopSockets is the copyright owner of each of the original, published Works of Art contained in Exhibit B.  The copyright registration certificates for each work are attached as Exhibit C.

58.   Each of the Works of Art contained in Exhibit B are copyrightable subject matter under the laws of the United States.

59.   Direct proof of access is not required for strikingly similar works such as those used by GiftekTM, but even so, GiftekTM had access to the Works of Art through PopSockets' and/or PopSockets' authorized resellers' website(s) and product packaging.

60.   GiftekTM has never asked for permission to use or reproduce the Works of Art.

61.   GiftekTM used, and continues to use, graphics that are identical or strikingly or substantially similar to PopSockets' registered Works of Art in its promotion of the Accused Product.

62.   GiftekTM copied and reproduced identical or strikingly or substantially similar versions of the Works of Art without PopSockets' consent.

63.     GiftekTM engaged, and continues to engage in acts of infringement by using the Works of Art that are identical or strikingly or substantially similar variations in materials distributed to third parties.

64.     PopSockets is informed and thereon alleges that GiftekTM further infringed PopSockets' copyrights by making or causing to be made derivative works based on the Works of Art and producing and distributing reproductions without PopSockets' permission.

65.     GiftekTM's aforesaid acts violate PopSockets' exclusive rights under section 106 of the Copyright Act and constitute copyright infringement.

66.     PopSockets is entitled to injunctive relief prohibiting GiftekTM's further infringement.

## COUNT FOUR
## COPYRIGHT INFRINGEMENT BY OZVEREN

67.     PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 66 as if fully set forth herein.

68.     PopSockets is the copyright owner of each of the original, published Works of Art contained in Exhibit B.   The copyright registration certificates for each work are attached as Exhibit C.

69.     Each of the Works of Art contained in Exhibit B are copyrightable subject matter under the laws of the United States.

70.     Direct proof of access is not required for strikingly similar works such as those used by GiftekTM, but even so, Ozveren had access to the Works of Art through PopSockets' and/or PopSockets' authorized resellers' website(s) and product packaging.

71.     PopSockets is informed and thereon alleges that Ozveren infringed PopSockets' copyrights by making or causing to be made derivative works based on the Works of Art and producing and distributing reproductions without PopSockets' permission.

72.     PopSockets is informed and thereon alleges that Ozveren infringed PopSockets' Works of Art by submitting product packaging that includes identical or strikingly or substantially similar graphics to the United States Patent and Trademark Office as part of the PROP GRIPS trademark application.

73.     On information and belief, as the managing member, substantial owner, and sole member of GiftekTM, Ozveren is directly responsible for the day-to-day operations of GiftekTM, and Ozveren willfully, knowingly, and personally participated in and directed all of the infringing activities undertaken by GiftekTM.

74.     On information and belief, Ozveren instructed and induced GiftekTM to use the infringing Works of Art which led to the infringing uses, and therefore Ozveren engaged in contributory copyright infringement.

75.     Ozveren's aforementioned acts violate PopSockets' exclusive rights under section 106 of the Copyright Act and constitute copyright infringement.

76.     In the alternative, Ozveren has or has had a direct financial interest in the creation, publication, and distribution of the infringing Works of Art, and has had the power or ability to supervise and control the creation, publication, and distribution of the infringing Works of Art, but failed to prevent the infringement of PopSockets' copyrights.   Ozveren is therefore liable for vicarious infringement of PopSockets' copyrights by GiftekTM.

77.     PopSockets is entitled to injunctive relief prohibiting Ozveren's further infringement.

**COUNT FIVE**

**FEDERAL TRADEMARK INFRINGEMENT BY GIFTEKTM**

78.     PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 77 as if fully set forth herein.

79.     Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that, "[a]ny person who shall, without the consent of the registrant – use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action against registrant . . . ."

80.     GiftekTM has offered goods using colorable imitations of PopSockets' Mark in connection with Defendants' products and business without PopSockets' permission.  Such unauthorized use in commerce is likely to cause confusion or mistake or deception among prospective or actual consumers and other members of the public, in violation of Section 32 of the Lanham Act.

81.     GiftekTM's acts of infringement in violation of Section 32 of the Lanham Act are malicious, fraudulent, willful, and deliberate.

82.     GiftekTM has willfully intended to trade on the recognition of, and has willfully intended to harm the reputation of, the registered POPSOCKETS Mark.

83.     GiftekTM's acts of infringement in violation of Section 32 of the Lanham Act have inflicted, and if not enjoined, will continue to inflict irreparable harm on PopSockets, and therefore PopSockets has no adequate remedy at law.

84.     Pursuant to 15 U.S.C. § 1117, PopSockets is entitled to recover damages in an amount to be determined at trial, including Defendants' profits,

losses sustained by PopSockets due to Defendants' conduct, and costs of the action.  GiftekTM's actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling PopSockets to recover additional treble damages and reasonable attorneys' fees.

**COUNT SIX**

**FEDERAL TRADEMARK INFRINGEMENT BY OZVEREN**

85.    PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 84 as if fully set forth herein.

86.    Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that, "[a]ny person who shall, without the consent of the registrant – use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action against registrant . . . ."

87.    As managing member, substantial owner, and sole member of GiftekTM, Ozveren is directly responsible for the day-to-day operations of GiftekTM, and Ozveren willfully, knowingly, and personally participated in and directed all of the infringing activities undertaken by GiftekTM.

88.    On information and belief, Ozveren instructed and induced GiftekTM to continue using confusingly similar imitations of the Mark without permission from PopSockets although Ozveren knew or should have known about PopSockets' Mark.    Therefore, Ozveren engaged in trademark infringement.

89.    Ozveren has willfully intended to trade on the recognition of, and has willfully intended to harm the reputation of, the registered POPSOCKETS Mark.

90.     PopSockets is entitled to recover damages in an amount to be determined at trial, including Defendants' profits, losses sustained by PopSockets due to Defendants' conduct, and costs of the action.  Ozveren's actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling PopSockets to recover additional treble damages and reasonable attorneys' fees.

91.     Ozveren's acts of trademark infringement have damaged and will continue to irreparably damage PopSockets unless enjoined by this Court.

## COUNT SEVEN

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN BY GIFTEKTM

92.     PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 91 as if fully set forth herein.

93.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . .  or any false designation of origin . . .  which is likely to cause confusion or to cause mistake, or to deceive as to affiliation . . . or as to origin, sponsorship, or approval of goods [or] services . . . shall be liable in a civil action."

94.     GiftekTM's use of confusingly similar imitations of PopSockets' Mark is likely to cause confusion, deception, or mistake by creating the false and misleading impression that GiftekTM's business and services are affiliated, connected, or associated with PopSockets.

95.     GiftekTM is passing off its product as those of PopSockets' in a manner that is false, misleading, and misrepresentative of the nature, characteristics, and quality of PopSockets' products.

96.     On information and belief, GiftekTM's activities and conduct have been willful and deliberate, knowingly and intentionally designed to tread

-16-

upon the significant goodwill of PopSockets' trademarks, to cause confusion or mistake, and to deceive the public as to the source or origin of Defendants' goods.

97.    GiftekTM's aforementioned acts constitute false designation of origin and trademark infringement in violation of 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

98.    GiftekTM's actions have caused and are likely to cause substantial injury to the public and to PopSockets, its business, goodwill, and reputation.

99.    PopSockets is entitled to injunctive relief, and to recover Defendants' profits associated with the infringement and PopSockets' costs.

**COUNT EIGHT**

**FEDERAL UNFAIR COMPETITION AND FALSE**

**DESIGNATION OF ORIGIN BY OZVEREN**

100.   PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 99 as if fully set forth herein.

101.   Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . .  or any false designation of origin . . . which is likely to cause confusion or to cause mistake, or to deceive as to affiliation . . . or as to origin, sponsorship, or approval of goods [or] services . . . shall be liable in a civil action."

102.   As managing member, substantial owner, and sole member of GiftekTM, Ozveren is directly responsible for the day-to-day operations of GiftekTM, and Ozveren willfully, knowingly, and personally participated in and directed all of the infringing activities undertaken by GiftekTM.

103.   On information and belief, Ozveren instructed and induced GiftekTM to use the infringing Mark which led to the infringing uses.

-17-

104.   Defendants' use of confusingly similar imitations of PopSockets' Mark is likely to cause confusion, deception, or mistake by creating the false and misleading impression that Defendants' business and services are affiliated, connected, or associated with PopSockets.

105.   Ozveren is passing off Defendants' product as those of PopSockets' in a manner that is false, misleading, and misrepresentative of the nature, characteristics, and quality of PopSockets' products.

106.   On information and belief, Ozveren's activities and conduct have been willful and deliberate, knowingly and intentionally designed to tread upon the significant goodwill of PopSockets' trademarks, to cause confusion or mistake, and to deceive the public as to the source or origin of Defendants' goods.

107.   Ozveren's aforementioned acts constitute false designation of origin and trademark infringement in violation of 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

108.   Ozveren's actions have caused and are likely to cause substantial injury to the public and to PopSockets, its business, goodwill, and reputation.

109.   PopSockets is entitled to injunctive relief, and to recover Defendants' profits associated with the infringement and PopSockets' costs.

## COUNT NINE

## CALIFORNIA UNFAIR COMPETITION BY GIFTEKTM

110.   PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 109 as if fully set forth herein.

111.   This claim arises under Cal. Bus. Prof. Code § 17200.

112.   GiftekTM is using similar variations of PopSockets' Mark in an attempt to willfully and intentionally trade on and benefit from the significant goodwill of PopSockets' Mark, to cause confusion or mistake, and to deceive the public as to the source or origin of Defendants' goods.

-18-

113.   GiftekTM is passing off Defendants' product as those of PopSockets' in a manner that is false, misleading, and misrepresentative of the nature, characteristics, and quality of PopSockets' products.

114.   GiftekTM's actions have caused and are likely to cause consumer confusion and substantial injury to the public and to PopSockets, its business, goodwill, and reputation.

## COUNT TEN

## CALIFORNIA UNFAIR COMPETITION BY OZVEREN

115.   PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 114 as if fully set forth herein.

116.   This claim arises under Cal. Bus. Prof. Code § 17200.

117.   As managing member, substantial owner, and sole member of GiftekTM, Ozveren is directly responsible for the day-to-day operations of GiftekTM, and Ozveren willfully, knowingly, and personally participated in and directed all of the infringing activities undertaken by GiftekTM.

118.   On information and belief, Ozveren instructed and induced GiftekTM to use the infringing Mark which led to the infringing uses.

119.   Defendants are using similar variations of PopSockets' Mark in an attempt to willfully and intentionally trade on and benefit from the significant goodwill of PopSockets' trademarks, to cause confusion or mistake, and to deceive the public as to the source or origin of Defendants' goods.

120.   Defendants are passing off Defendants' product as those of PopSockets' in a manner that is false, misleading, and misrepresentative of the nature, characteristics, and quality of PopSockets' products.

121.   Ozveren's actions have caused and are likely to create consumer confusion and cause substantial injury to the public and to PopSockets, its business, goodwill, and reputation.

## COUNT ELEVEN

## COMMON LAW TRADEMARK INFRINGEMENT BY GIFTEKTM

122.   PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 121 as if fully set forth herein.

123.   This claim arises under the common law of the State of California.

124.   GiftekTM's aforementioned acts constitute trademark infringement in violation of California common law, and on information and belief, are done willfully with full knowledge of PopSockets' rights in the Mark.

125.   GiftekTM has used confusingly similar imitations of the inherently distinctive POPSOCKETS Mark with the willful and calculated purpose of harming or trading on PopSockets' goodwill and reputation, and in a manner calculated to imply false sponsorship of approval by PopSockets' for the purpose of misleading and deceiving the public.

126.   GiftekTM's acts of common law trademark infringement have damaged and will continue to irreparably damage PopSockets unless enjoined by this Court.

## COUNT TWELVE

## COMMON LAW TRADEMARK INFRINGEMENT BY OZVEREN

127.   PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 126 as if fully set forth herein.

128.   This claim arises under the common law of the State of California.

129.   As managing member, substantial owner, and sole member of GiftekTM, Ozveren is directly responsible for the day-to-day operations of GiftekTM, and Ozveren willfully, knowingly, and personally participated in and directed all of the infringing activities undertaken by GiftekTM.

130.   On information and belief, Ozveren instructed and induced GiftekTM to continue using confusingly similar imitations of PopSockets' inherently distinctive Mark without permission from PopSockets although Ozveren knew or should have known about PopSockets' Mark.

131.   Ozveren's aforementioned acts constitute trademark infringement in violation of California common law, and on information and belief, are done willfully with full knowledge of PopSockets' rights in the Mark.

132.   Ozveren's acts of common law trademark infringement have damaged and will continue to irreparably damage PopSockets unless enjoined by this Court.

**COUNT THIRTEEN**

**COMMON LAW UNFAIR COMPETITION BY GIFTEKTM**

133.   PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 132 as if fully set forth herein.

134.   GiftekTM's use of confusingly similar variations of the Mark constitutes unfair competition under California common law.

135.   Through GiftekTM's use of the Mark in connection with the Accused Product, GiftekTM is passing off the product as those of PopSockets in a manner that is false, misleading, and misrepresentative of the source, nature, characteristics, and quality of PopSockets' products.

136.   On information and belief, GiftekTM has and will continue to profit and gain as a result of its infringing activity.

137.   GiftekTM's acts are likely to cause consumer confusion and have damaged and will continue to damage PopSockets, including damage to its goodwill and reputation, and PopSockets has no adequate remedy at law.

/ / /

/ / /

/ / /

## COUNT FOURTEEN

### COMMON LAW UNFAIR COMPETITION BY OZVEREN

138.   PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 137 as if fully set forth herein.

139.   As managing member, substantial owner, and sole member of GiftekTM, Ozveren is directly responsible for the day-to-day operations of GiftekTM, and Ozveren willfully, knowingly, and personally participated in and directed all of the infringing activities undertaken by GiftekTM.

140.   On information and belief, Ozveren instructed and induced GiftekTM to continue using confusingly similar imitations of PopSockets' inherently distinctive Mark without permission from PopSockets although Ozveren knew or should have known about PopSockets' Mark.

141.   Ozveren's use of confusingly similar variations of the Mark constitutes unfair competition under California common law.

142.   Through Ozveren's use of confusingly similar variations of the Mark in connection with the Accused Product, Ozveren is passing off Defendants' product as those of PopSockets in a manner that is false, misleading, and misrepresentative of the source, nature, characteristics, and quality of PopSockets' products.

143.   On information and belief, Defendants have and will continue to make profits and gains as a result of Defendants' infringing activity.

144.   Ozveren's acts are likely to cause consumer confusion and have damaged and will continue to damage PopSockets, including damage to its goodwill and reputation, and PopSockets has no adequate remedy at law.

### PRAYER FOR RELIEF

PopSockets requests that the Court enter judgment against Defendants as follows:

A.   The '031 Patent has been infringed by each Defendant;

B.     Each Defendant's infringement of the '031 Patent has been willful;

C.     An injunction against further infringement of the '031 Patent;

D.     PopSockets' copyrights in the Works of Art have been infringed by each Defendant;

E.     An injunction against further infringement of PopSockets' copyrights;

F.     PopSockets' Mark has been infringed by each Defendant;

G.     Each Defendant's infringement of the Mark has been willful;

H.     An injunction against further infringement of PopSockets' Mark;

I.     An award of damages not less than a reasonable royalty, together with pre-judgment and post-judgment interest to compensate for Defendants' infringement of the '031 Patent, copyrights, and trademark as allowed by law;

J.     An award to PopSockets for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' unlawful conduct, as provided under 35 U.S.C. § 284;

K.     A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285 and an award to PopSockets of its costs, expenses, and reasonable attorneys' fees incurred in this action;

L.     Order the impoundment and destruction of all copies of the infringing work in the possession or control of any of the Defendants or their agents, employees, and affiliated companies;

M.     Award PopSockets statutory damages, or such actual damages as it has sustained as a result of Defendants' copyright infringement, pursuant to 17 U.S.C. § 504(b);

N.     Require Defendants to account for and disgorge to PopSockets all gains, profits, and advantages derived by its copyright infringement, pursuant to 17 U.S.C. § 504(b);

-23-

1       O.     Require Defendants to account for and disgorge to PopSockets all

2  gains, profits, and advantages derived by its trademark infringement, and costs

3  of the action including attorneys' fees  pursuant to 15 U.S.C. § 1117;

4       P.     Require Defendants pay damages incurred by PopSockets as a

5  result of Defendants' violations of 15 U.S.C. § 1125(a) and California state law

6  including, but not limited to remedies provided for in Cal. Bus. Prof. Code §

7  17203; and

8       Q.     Such other equitable or legal relief as this Court deems just and

9  proper under the circumstances.

10

11                         Respectfully submitted,

12                         KNOBBE, MARTENS, OLSON & BEAR, LLP

13

14  Dated:  October 18, 2017     By: */s/ Michelle E. Armond*

15                            Michelle E. Armond

16                       Attorneys for Plaintiff

17                       POPSOCKETS LLC

    Of Counsel:

18  Benjamin T. Horton

19  bhorton@marshallip.com

20  Tron Y. Fu
    tfu@marshallip.com

21  Michelle Bolos

22  mbolos@marshallip.com
    MARSHALL, GERSTEIN & BORUN LLP

23  233 S. Wacker Dr., 6300 Willis Tower

24  Chicago, IL 60606
    Phone:  (312) 474-6300

25  Facsimile:  (312) 474-0448

26

27

28

1

**DEMAND FOR JURY TRIAL**

2      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

3  PopSockets LLC hereby demands a trial by jury on all issues so triable.

4

5                               Respectfully submitted,

6                               KNOBBE, MARTENS, OLSON & BEAR, LLP

7

8  Dated:  October 18, 2017      By: */s/ Michelle E. Armond*
9                                  Michelle E. Armond

10                               Attorneys for Plaintiff
                                 POPSOCKETS LLC
11  Of Counsel:

12  Benjamin T. Horton
    bhorton@marshallip.com
13  Tron Y. Fu
    tfu@marshallip.com
14  Michelle Bolos
    mbolos@marshallip.com
15  MARSHALL, GERSTEIN & BORUN LLP
    233 S. Wacker Dr., 6300 Willis Tower
16  Chicago, IL 60606
    Phone:  (312) 474-6300
17  Facsimile:  (312) 474-0448

18

19

20

21

22

23

24

25

26  26901034

27

28