Michael M. Ahmadshahi, Esq. (Bar No. 219933)
Email: mahmadshahi@mmaiplaw.com
AHMADSHAHI LAW OFFICES
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone: 949.260.4997
Facsimile: 949.260.4996
Attorney for Defendants
GiftekTM, LLC and
Zoe Ozveren

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| POPSOCKETS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GIFTEKTM, LLC AND ZOE<br>OZVEREN<br><br>Defendants. | Case No.: 8:16-CV-00040-JVS-KES<br><br>**DEFENDANTS GIFTEKTM, LLC AND ZOE OZVEREN'S ANSWER TO COMPLAINT AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |
| GIFTEKTM, LLC<br><br>Counterclaimant,<br><br>v.<br><br>POPSOCKETS, LLC,<br><br>Counterdefendant. | **DATE:**<br>**TIME:**<br>**CTRM: 10C, 10th Fl.**<br><br>Judge: The Honorable James V. Selna |

# COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant GiftekTM, LLC ("GIFTEKTM" or "DEFENDANT"), by and through its undersigned counsel, hereby asserts the following Counterclaims against Plaintiff and Counterdefendant PopSockets, LLC ("POPSOCKETS" or "PLAINTIFF"), as follows:

# JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, as well as Lanham Act, 15 U.S.C. § 1051, *et seq.* In addition, this Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, excluding interest and costs. This Court has supplemental jurisdiction over these Counterclaims with respect to the California state law claims pursuant to 28 U.S.C. §1367(a).

2.     This Court has personal jurisdiction over PLAINTIFF in that PLAINTIFF consented to this Court's jurisdiction by virtue of having filed its Complaint ("COMPLAINT") (Docket No. 1) against DEFENDANT.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 as PLAINTIFF may be found or transact business in this district, and the violations alleged arose and are continuing to occur in this district. Venue is further

appropriate in this Court because PLAINTIFF consented to this venue as a result of filing its COMPLAINT in this venue.

## **PARTIES**

4.      GIFTEKTM is a California Limited Liability Company with its Principal Office at 198 Borrego, Irvine, CA 92618.

5.      Upon information and belief, POPSOCKETS is a corporation organized under the laws of Colorado with its Principal Place of Business at 3033 Sterling Circle, Boulder, CO 80301.

## **INTRODUCTION**

6.      GIFTEKTM[1] is an online merchant of the Expanding Stand & Grip ("GIFTEKTM PRODUCT"), commonly described as "pop sockets."

7.      GIFTEKTM sells GIFTEKTM PRODUCT, through online marketplaces, namely, Amazon.com, eBay.com, Wanelo.com, and Shopify.com which hosts GIFTEKTM's own website at buygiftek.com. GIFTEKTM and POPSOCKETS are competitors.

---

[1] GIFTEKTM was organized as a Limited Liability Company under the laws of the State of California on August 10, 2017. GiftekTM, LLC ("GIFTEKTM-TX"), also an online merchant of GIFTEKTM PRODUCT, was organized as a Limited Liability Company under the laws of the State of Texas on November 29, 2016. On August 28, 2017, GIFTEKTM and GIFTEKTM-TX merged upon which the latter disappeared and the former was the surviving entity.

## COMMON ALLEGATIONS

8.    In or about June 2017, Amazon.com ("AMAZON") emailed GIFTEKTM that it has received a takedown notice from POPSOCKETS claiming violation of its "utility patent."

9.    On June 12, 2017, GIFTEKTM emailed POPSOCKETS stating that it did not infringe any patent but was willing to "work this out" without any adversarial proceedings in court.

10.    In the period between June 12, 2017 and June 19, 2017, in a series of emails between GIFTEKTM and POPSOCKETS, the latter refused to work with the former and on October 18, 2017 filed its COMPLAINT[2] asserting, amongst others, infringement of the U.S. Patent No. 8,560,031 (the "'031 Patent").

11.    On information and belief, in the period from June 19, 2017 and October 30, 2017, POPSOCKETS has issued several takedown notices, at least to AMAZON claiming copyright infringement, design patent infringement, and utility patent infringement.

12.    As a result of POPSOCKETS' takedown notices, AMAZON removed GIFTEKTM PRODUCTS having customized images ("CUTOMIZED IMAGES") corresponding to at least the following Amazon Seller Identification Numbers

---

[2] POPSOCKETS first filed its Complaint against GIFTEKTM-TX, entitled *PopSockets, LLC v GiftekTM, LLC and Zoe Ozveren*, U.S. District Court for the Southern District of Texas, Case 4:17-cv-02463. The case was voluntarily dismissed without prejudice upon the parties' agreement to refile the case in California.

("ASINs"),   B071ZKTTC3,   B071G6GXTL,   B071ZN9TK9,   B071KVR27C, B072P28ZJ1,   B072FL473B,   B0711667XF,   B0727QKV9Z,   B072BB63WV, B071167MRH, B072J3XDDQ, B071H8WWKW, B072P26MCC, B0713RZGH5, B072HHKBGT,   B072P23PQ7,   B071LHHPDX,   B0713RSLYN,   B072P1CDY9, B072J41HRZ,   B071DPFYL1,   B071RMJB7X,   B072HHMZ19,   B071LJYYLF (collectively "REMOVED ASINs").

13.     On information and belief, GIFTEKTM requested POPSOCKETS to retract its takedown notices and AMAZON to relist its products providing evidence that GIFTEKTM had either purchased the CUTOMIZED IMAGES or that said CUTOMIZED   IMAGES   were   available   for   free   to   use,   and   therefore POPSOCKETS is not the right owner.

14.     On September 27, 2017 and on October 3, 2017, GIFTEKTM, via its undersigned counsel, emailed AMAZON to relist GIFTEKTM PRODUCTS having the CUTOMIZED IMAGES corresponding to some or all of the aforementioned REMOVED ASINs, to no avail, because AMAZON stated that it would not relist those products unless and until POPSOCKETS retracted its takedown notices.

15.     On October 23, 2017, AMAZON relisted ASIN B071LHHPDX and on   October   25,   2017,   GIFTEKTM,   via   its   undersigned   counsel,   emailed POPSOCKETS' counsel requesting POPSOCKETS to retract its takedown notices corresponding to the remainder of the REMOVED ASINs since the parties are litigating their disputes in court.

16.     On October 30, 2017, POPSOCKES, on information and belief, retracted its takedown notices and AMAZON relisted all of GIFTEKTM PRODUCTS corresponding to the remainder of the REMOVED ASINs.

17.     An actual controversy exists between DEFENDANT GIFTEKTM on one hand, and PLAINTIFF POPSOCKETS on the other hand, under 28 U.S.C. § 2201 relating to the alleged infringement and validity of the '031 Patent.

18.     Because PLAINTIFF POPSOCKETS filed the instant COMPLAINT against DEFENDANT GIFTEKTM, the latter has standing to file counterclaims for declaratory judgments of non-infringement and invalidity.

## COUNT ONE: DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE '031 PATENT

19.     GIFTEKTM realleges and incorporates by reference the allegations of paragraphs 1-18 inclusive, as though fully set forth.

20.     Based on PLAINTIFF POPSOCKETS' filing of the COMPLAINT and at least DEFENDANT GIFTEKTM's denial of infringement of the '031 Patent, an actual controversy has arisen and now exists as to whether DEFENDANT GIFTEKTM infringes the '031 Patent.

21.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*., DEFENDANT GIFTEKTM requests a declaration by the Court that DEFENDANT GIFTEKTM has not infringed and does not infringe any claim of

the '031 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT TWO: DECLARATORY JUDGEMENT OF INVALIDITY OF THE '031 PATENT

22.    GIFTEKTM realleges and incorporates by reference the allegations of paragraphs 1-21 inclusive, as though fully set forth.

23.    Based on PLAINTIFF POPSOCKETS' filing of the COMPLAINT and at least DEFENDANT GIFTEKTM's denial of validity of the '031 Patent, an actual controversy has arisen and now exists as to the validity of the claims of the '031 Patent.

24.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, DEFENDANT GIFTEKTM requests a declaration by the Court that the claims of the '031 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and 116 and the rules, regulations, and laws pertaining thereto.

## COUNT THREE: CALIFORNIA UCL (B&P CODE § 17200 ET SEQ)

25.    GIFTEKTM realleges and incorporates by reference the allegations of paragraphs 1-24 inclusive, as though fully set forth.

26.    As its third ground for relief, GIFTEKTM hereby alleges that POPSOCKETS has violated the California Unfair Competition Law (B&P Code § 17200 et seq.).

27.    The conduct of POPSOCKETS as described herein, including without limitation, POPSOCKETS' baseless takedown notices at least to AMAZON, including but not limited to those which were directed at the REMOVED ASINs and those other ASINs that did not even belong to GIFTEKTM, concerning GIFTEKTM's alleged copyright infringement, design patent infringement, and utility patent infringement, is a clear case of wrongfully using the 17 U.S.C. § 512 notification procedures, which were designed to protect Internet Service Providers, not copyright holders, as a sword to prevent GIFTEKTM from selling its products including GIFTEKTM PRODUCTS and to damage GIFTEKTM's goodwill and business reputation, and it constitutes unlawful, unfair, and fraudulent business practices in violation of California Business and Professions Code Section 17200.

28.    As a direct and proximate result of POPSOCKETS' conduct, GIFTEKTM has suffered and will continue to suffer damage. Unless enjoined by this Court, POPSOCKETS' unlawful, unfair, and fraudulent business practices have and will continue to cause great and irreparable injury to GIFTEKTM. Moreover, GIFTEKTM has no other adequate remedy at law for such acts and threatened acts, and therefore pursuant to California Business and Professions Code Section 17203, a preliminary and permanent injunction should issue.

29.    The unlawful, unfair, and fraudulent business practices set forth herein have been undertaken with knowledge by POPSOCKETS willfully with the intention of causing harm to GIFTEKTM in the form of lost sales and for the

calculated purpose of misappropriating GIFTEKTM's goodwill and business reputation.

30.    POPSOCKETS' unlawful, unfair, and fraudulent business practices set forth herein have deprived GIFTEKTM of the right to sell its products including GIFTEKTM PRODUCTS and to control the use of its goodwill and business reputation.

31.    As a direct and proximate result of POPSOCKETS' unlawful, unfair, and fraudulent business practices set forth herein, GIFTEKTM has suffered damages in the form of lost sales and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial. GIFTEKTM is entitled to all available relief provided for in California Unfair Competition Law (B&P Code § 17200 et seq.) including permanent injunctive relief.

32.    POPSOCKETS committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure GIFTEKTM in its business and with conscious disregard for GIFTEKTM's rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

## COUNT FOUR: CALIFORNIA COMMON LAW UNFAIR COMPETITION

33.    GIFTEKTM realleges and incorporates by reference the allegations of paragraphs 1-32 inclusive, as though fully set forth.

34.    As its fourth ground for relief, GIFTEKTM hereby alleges POPSOCKETS has violated the California Common Law Unfair Competition.

35.    The conduct of POPSOCKETS as described herein, including without limitation, POPSOCKETS' baseless takedown notices at least to AMAZON, including but not limited to those which were directed at the REMOVED ASINs and those other ASINs that did not even belong to GIFTEKTM, concerning GIFTEKTM's alleged copyright infringement, design patent infringement, and utility patent infringement, is a clear case of wrongfully using the 17 U.S.C. § 512 notification procedures, which were designed to protect Internet Service Providers, not copyright holders, as a sword to prevent GIFTEKTM from selling its products including GIFTEKTM PRODUCTS and to damage GIFTEKTM's goodwill and business reputation, and it constitutes unfair competition in violation of the common law of the State of California.

36.    POPSOCKETS is a competitor of GIFTEKTM and has committed the acts alleged herein intentionally in an effort to prevent GIFTEKTM from selling its products including GIFTEKTM PRODUCTS and to exploit GIFTEKTM's goodwill and business reputation in the market.

37.    POPSOCKETS' acts alleged herein were intended to prevent GIFTEKTM from selling its products including GIFTEKTM PRODUCTS and further to capitalize on GIFTEKTM's goodwill and business reputation associated therewith for POPSOCKETS' own pecuniary gain. GIFTEKTM has expended substantial time, resources and effort in order to sell its products including GIFTEKTM PRODUCTS and further to obtain its goodwill and business reputation. As a result of GIFTEKTM's efforts, POPSOCKETS is now unjustly

enriched and is benefiting from property rights that rightfully belong to GIFTEKTM.

38.   POPSOCKETS' acts are willful, deliberate, and intended to capitalize on GIFTEKTM's property rights and to injure GIFTEKTM.

39.   GIFTEKTM has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by POPSOCKETS' wrongful conducts as alleged herein, unless it is enjoined by this Court.

40.   The conduct herein complained of was extreme, outrageous, and was inflicted on GIFTEKTM in reckless disregard of GIFTEKTM's rights. Said conduct was despicable and harmful to GIFTEKTM and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of POPSOCKETS and to deter them from similar such conduct in the future.

41.   In light of the foregoing, GIFTEKTM is entitled to injunctive relief prohibiting POPSOCKETS from violating GIFTEKTM's rights and to recover all damages, including attorneys' fees, that GIFTEKTM has sustained and will sustain, and all gains, profits and advantages obtained by POPSOCKETS as a result of its wrongful conduct alleged above in an amount not yet known, and the costs of this action.

## **<u>REQUEST FOR RELIEF</u>**

**WHEREFORE**, in consideration of the foregoing, GIFTEKTM respectfully requests that this Court enter judgement as follows:

**I.**    A declaration that the '031 Patent is invalid;

**II.**    A declaration that GIFTEKTM does not infringe, under any theory, any valid claim of the '031 Patent;

**III.**    A declaration that the POPSOCKETS takes nothing by its COMPLAINT;

**IV.**    A finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to GIFTEKTM of its costs and attorneys' fees incurred in this action;

**V.**    That POPSOCKETS has violated California State common and statutory unfair competition laws under B&P Code § 17200 et seq., and that said violations were willful;

**VI.**    For a preliminary and/or permanent injunction requiring POPSOCKETS to withdraw its takedown requests and/or issuing further takedown requests with AMAZON or any other online marketplace regarding its complaint of alleged copyright infringement as to GIFTEKTM PRODUCTS;

**VII.**   After a hearing on the merits, grant GIFTEKTM an award of all profits realized by POPSOCKETS by reason of POPSOCKETS' unlawful acts herein alleged.

**VIII.**  Awarding GIFTEKTM punitive damages in connection with its claims under California law;

**IX.**   Judgment against POPSOCKETS and in favor of GIFTEKTM;

**X.**   Dismissal of the COMPLAINT with prejudice; and

**XI.**   Grant GIFTEKTM such other and further relief as the Court may deem just.

Respectfully submitted,

Dated: November 9, 2017,        AHMADSHAHI LAW OFFICES

By:   /s/Michael M. Ahmadshahi
      Michael M. Ahmadshahi, Esq.
      Attorney for Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), GIFTEKTM demands a trial by jury on all matters to which it is entitled by law.

Dated: November 9, 2017,

By:    /s/ Michael M. Ahmadshahi
       Michael M. Ahmadshahi, Esq.
       AHMADSHAHI LAW OFFICES
       Michael M. Ahmadshahi, Esq.
       2030 Main Street, Ste. 1300
       Irvine, CA 92614
       Telephone: 949.260.4997
       Facsimile:  949.260.4996
       Email:  mahmadshahi@mmaiplaw.com
       Attorney for Defendants

ANSWER TO COMPLAINT AND COUNTERCLAIM

## <u>CERTIFICATE OF SERVICE</u>

I, Michael M. Ahmadshahi, certify under penalty of perjury that the foregoing was served on the interested parties listed below, via the Court's Electronic Filing Program, United States Mail, Electronic Mail, and/or any other manner permitted by the Federal Rules of Civil Procedure on November 9, 2017.

Dated: November 9, 2017,

By:    /s/ Michael M. Ahmadshahi
       Michael M. Ahmadshahi, Esq.
       AHMADSHAHI LAW OFFICES
       Michael M. Ahmadshahi, Esq.
       2030 Main Street, Ste. 1300
       Irvine, CA 92614
       Telephone: 949.260.4997
       Facsimile: 949.260.4996
       Email: mahmadshahi@mmaiplaw.com
       Attorney for Defendants

Benjamin T. Horton
bhorton@marshallip.com
Tron Y. Fu
tfu@marshallip.com
Michelle Bolos
mbolos@marshallip.com
MARSHALL, GERSTEIN & BORUN LLP
233 S. Wacker Dr., 6300 Willis Tower
Chicago, IL 60606
Phone: (312) 474-6300
Facsimile: (312) 474-0448

Michelle E. Armond
michelle.armond@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

ANSWER TO COMPLAINT AND COUNTERCLAIM