**Popsockets, LLC v. GiftekTM LLC, et al.**
SACV 17-1825 JVS (DFMx)

## Final Order Regarding Motion to Dismiss and Motion to Strike

Before the Court are two motions.[1]

First, Popsockets, LLC ("Popsockets") moves to dismiss the third and fourth counterclaims in the First Amended Counterclaim ("FACC") filed by GiftekTM, LLC ("GiftekTM"). (Mot., Docket Nos. 28–29.) GiftekTM opposed. (Opp'n, Docket No. 32.) Popsockets replied. (Reply, Docket No. 36.)

For reasons discussed below, the Court **grants** Popsockets's motion to dismiss.

Second, Popsockets moves to strike certain affirmative defenses in the Joint Answer to Complaint and Counterclaim filed by GiftekTM and Zoe Ozveren (collectively, "Defendants"). (Mot., Docket Nos. 30–31.) Defendants opposed. (Opp'n, Docket No. 34.) Popsockets replied. (Reply, Docket No. 37.)

For reasons discussed below, the Court **grants in part** and **denies in part** Popsockets's motion to strike.

### I. BACKGROUND

This case concerns the sale and marketing of certain accessories for handheld electronic device. On October 28, 2017, Popsockets filed suit against Defendants alleging claims for patent, trademark, and copyright infringement and unfair competition. (See generally Compl., Docket No. 1.) On November 9, 2017, Defendants filed a Joint Answer to Popsockets's Complaint. (Docket Nos. 17, 19.) Defendants raised forty-five (45) affirmative defenses in the Answer. (See id.)

---

[1] GiftekTM filed evidentiary objections to images included in the introductions of both motions, under Federal Rules of Evidence 402 and 403. (Docket Nos. 33, 35.) The Court overrules both objections.

Twenty-four (24) of the affirmative defenses are relevant to the motion to strike.[2] (See Mot., Docket No. 31 at 1.) Those affirmative defenses are:

1. Failure to state a claim upon which relief can be granted
2. Equitable estoppel
3. Waiver
4. Unclean hands
7. Failure to state a claim (specifically regarding punitive damages)
15. Independent creation and development, or otherwise proper obtainment and use of the material that was allegedly copyrighted, trademarked, patented, proprietary, or trade secret material
17. Implied license
18. Fraud or deception
19. Misuse of copyright
22. Acted in good faith and without knowledge or intent to infringe
24. Works are not substantially similar
26. Offset/setoff
27. 17 U.S.C. § 101
28. Consent/acquiescence or de minimis use
29. Noninfringement of copyrights
31. Generic
32. Descriptive or laudatory term
33. Lack of confusion
34. 15 U.S.C. § 1115(b)
35. Noninfringement of trademarks
37. Noninfringement of patents
41. Exhaustion or first sale doctrine
42. Fraudulent procurement of the '031 Patent and inequitable conduct
45. Res judicata or collateral estoppel

Additionally, GiftekTM filed a Counterclaim and, later, the FACC against Popsockets. (See Countercl., Docket No. 18; FACC, Docket No. 23.) In relevant part, the third and fourth counterclaims raise state law unfair competition claims. GiftekTM alleges that Popsockets violated the California Unfair Competition Law

---

[2] Popsockets originally moved to strike twenty-eight (28), but Defendants do not oppose their motion with regard to affirmative defenses 5, 14, 39, and 44. (Opp'n, Docket No. 34 at 5.) The Court does not consider those affirmative defenses further.

("UCL"), Business & Professions Code § 17200 et seq. (FACC, Docket No. 23 ¶¶ 32–39.) Additionally, GiftekTM alleges that Popsockets violated California common law prohibiting unfair competition. (Id. ¶¶ 40–48.)

## II. LEGAL STANDARD

A.   Motion to dismiss pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, a court must follow a two-step approach. Id. at 679. First, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Furthermore, a court must not "accept as true a legal conclusion couched as a factual allegation." Id. at 678 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring a court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead each element of a fraud claim with particularity, i.e., the plaintiff "must set forth more than the neutral facts necessary to identify the transaction." Cooper v. Pickett, 137 F.3d 616, 625 (9th Cir. 1997) (emphasis in original) (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994)). A fraud claim must be accompanied by "the who, what, when, where, and how" of the fraudulent conduct charged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper, 137 F.3d at 627). "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc.,

885 F.2d 531, 540 (9th Cir. 1989). Statements of the time, place, and nature of the alleged fraudulent activities are sufficient, but mere conclusory allegations of fraud are not. Id.

B. Motion to strike pursuant to Rule 12(f)

Under Rule 12(f), a party may move to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). A motion to strike is appropriate when a defense is insufficient as a matter of law. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). The grounds for a motion to strike must appear on the pleading's face or from matters of which the Court may take judicial notice. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). Motions to strike are usually disfavored because parties often use them "as delaying tactics, and because of the limited importance of pleadings in federal practice." Sands, 902 F. Supp. at 1165–66 (internal quotation marks omitted).

### III. DISCUSSION

**A. Motion to dismiss**

Popsockets moves to dismiss GiftekTM's third and fourth counterclaims on the grounds that the claims are preempted by federal copyright and patent law and, alternatively, because GiftekTM has failed to adequately plead those claims. (See Mot., Docket No. 29 at 3, 6.)

1. Federal copyright law preempts GiftekTM's state law counterclaims.

GiftekTM's third and fourth counterclaims are based on alleged takedown notices sent to Amazon and eBay pursuant to the Digital Millennium Copyright Act

("DMCA") procedures.[3] (See FACC, Docket No. 23 ¶¶ 32, 42.) 17 U.S.C. § 512 provides a procedure whereby a person who believes his copyrighted material has been made available on the internet can notify an internet service provider ("ISP") and request that the material be taken down. If the ISP complies with the takedown notification, it is shielded from liability for copyright infringement. See 17 U.S.C. § 512.

Federal copyright law preempts state law claims based on DMCA takedown notifications. See Amaretto Ranch Breedables, LLC v. Ozimals, Inc., No. C 10-05696 CRB, 2011 WL 2690437, at *3–5 (N.D. Cal. July 8, 2011); Lenz v. Universal Music Corp., No. C 07-03783 JF, 2008 WL 962102, at *4 (N.D. Cal. Apr. 8, 2008); Online Policy Grp. v. Diebold, Inc., 337 F. Supp. 2d 1195, 1205 (N.D. Cal. 2004). 17 U.S.C. § 512(f), which regulates misrepresentations in DMCA takedown notifications, provides the sole remedy for someone who objects to a notification's content and effect. Lenz, 2008 WL 962102, at *4 (citing 1 Melville B. Nimmer, Nimmer on Copyright § 1.01[B][3][a], pp. 1-77). Therefore, the third and fourth counterclaims are preempted by federal copyright law.

    2.     Federal patent law preempts GiftekTM's state law counterclaims.

GiftekTM appears to argue that its third and fourth counterclaims are also based on patent law. (See Opp'n, Docket No. 4–8.) Though GiftekTM alleges that Popsockets sent takedown notices to Amazon and eBay that concerned GiftekTM's "alleged trademark infringement, copyright infringement, design patent infringement, and utility patent infringement," GiftekTM also alleges that such takedown notices were wrongful uses of the 17 U.S.C. § 512 notification procedures. (FACC, Docket No.23 ¶¶ 32, 41.) Therefore, it is not clear how such counterclaims could be based on patent law.

---

[3] GiftekTM states that it "has not yet conducted discovery to ascertain whether POPSOCKTS [sic] has issued its takedown notices pursuant to the DCMA procedures." (Opp'n, Docket No.32 at 6 n.1.) This representation directly contradicts GiftekTM's allegations that Popsockets "wrongfully" used the 17 U.S.C. § 512 notification procedures. (FACC, Docket No. 23 ¶¶ 34, 42.) Additionally, GiftekTM states that it "reserves the right to amend its Counterclaim to seek remedy under 17 U.S.C. § 512(F) through discovery." (Opp'n, Docket No.32 at 6 n.1.) GiftekTM has already amended its Counterclaim once. (See Counterclaim, Docket No. 18; FACC, Docket No. 23.) GiftekTM may only amend its Counterclaim again after obtaining Popsockets's written consent, or the Court's leave. Fed. R. Civ. P. 15(a)(2).

Nevertheless, "federal patent law bars the imposition of liability [under federal or state law] for publicizing a patent in the marketplace unless the plaintiff can show that the patent holder acted in bad faith." Golan v. Pingel Enter., Inc., 310 F.3d 1360, 1370 (Fed. Cir. 2002) (quoting Zenith Elecs. Corp. v. Exzec, Inc., 182 F.3d 1340, 1353 (Fed. Cir. 1999)) (internal quotation marks omitted). Such claims can survive federal preemption "only to the extent that those claims are based on a showing of 'bad faith' action in asserting infringement." Globetrotter Software, Inc. v. Elan Computer Grp., Inc., 362 F.3d 1367, 1374 (Fed. Cir. 2004). "A plaintiff claiming that a patent holder has engaged in wrongful conduct by asserting claims of patent infringement must establish that the claims of infringement were objectively baseless." Id. at 1377.

GiftekTM alleges that Popsockets sent "baseless takedown notices" to Amazon and eBay. (FACC, Docket No. 23 ¶¶ 32, 41.) GiftekTM has failed to support its allegations with any facts that allow the Court to reasonably infer that Popsockets acted in bad faith. In its opposition, GiftekTM raises a number of arguments as to why Popsockets acted in bad faith. However, none of those bases are provided in the FACC. GiftekTM's arguments in opposing this Motion cannot cure deficiencies in the FACC. Thus, to the extent GiftekTM's third and fourth counterclaims are based on patent law, they are preempted by federal patent law. See Sandisk Corp. v. LSI Corp., No. C 09-02737 WHA, 2009 WL 3047375, at *3 (N.D. Cal. Sept. 18, 2009). The Court declines to address Popsockets additional arguments concerning the sufficiency of the pleading of the state law claims.

Finally, Popsockets argues that GiftekTM should not be granted leave to amend the FACC. (Reply, Docket No. 36 at 7.) The Court is not convinced that permitting further amendment would be futile. Accordingly, the Court **grants** Popsockets's motion to dismiss with leave to amend.

### B. Motion to Strike

Popsockets moves to strike affirmative defenses 1, 7, 22, 29, 35, and 37 because they are not actually affirmative defenses. (Mot., Docket No. 31 at 5.) Popsockets moves to strike affirmative defenses 2–4, 15, 17, 19, 24, 26–28, 31–34, and 41 for failure to provide fair notice. Finally, Popsockets moves to strike affirmative defenses 18 and 42 for failure to plead fraud with particularity.

1. Pleading standard

The first issue for the Court to resolve is the proper pleading standard. Popsockets argues that the Court should apply the pleading standard from Twombly/Iqbal. (Mot., Docket No.31 at 3– 4.) Defendants argue that the Ninth Circuit has not yet decided whether its pre-Twombly/Iqbal "fair notice" standard from Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979), or the Twombly/Iqbal pleading standard applies to affirmative defenses. (Opp'n, Docket No. 34 at 5.)

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim"; under Twombly and Iqbal this requires showing "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. Pro. 8(a)(2); Twombly, 550 U.S. at 570. When pleading affirmative defenses, Rule 8(c) only requires that a defendant "affirmatively state any . . . affirmative defense." Fed. R. Civ. Pro. 8(c). The U.S. Supreme Court discussion of the plausibility standard only concerned Rule 8(a) and complaints; and no Circuit Courts of Appeals has extended this plausibility pleading standard to affirmative defenses. Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 566 (S.D. Cal. 2012). Therefore, in the Ninth Circuit, it is unclear whether the Twombly/Iqbal standard applies to affirmative defenses. Spann v. J.C. Penney Corp., No. SACV120215FMORNBX, 2015 WL 11072165, at *2 (C.D. Cal. July 16, 2015).

District courts nationwide differ on this issue: some courts have extended the Twombly/Iqbal standard to affirmative defenses, while others have rejected this approach and applied Wyshak's fair notice standard. Kohler, 280 F.R.D. at 565–66 (noting the split of opinion). Courts that have applied the Twombly/Iqbal standard argue that Wyshak applied the Supreme Court's older pleading standard from Conley v. Gibson, 355 U.S. 41, 47–48 (1957). See, e.g., Spann, 2015 WL 11072165, at *2. They also note the rules' similar language. Compare Fed. R. Civ. P. 8(a) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"), with Fed. R. Civ. P. 8(b) (requiring a defendant to state in "short and plain terms its defenses to each claim asserted against it"). Therefore, these courts argue that the newer Twombly/Iqbal standard for pleading claims should also apply to the pleading of affirmative defenses because Rule 8 governs both standards. Spann, 2015 WL 11072165, at *3.

But good reasons exist to use a distinct standard for pleading affirmative defenses. First, different subsections govern claims for relief and affirmative

7

defenses; Rule 8(a) governs the former while Rule 8(c) applies to the latter. Fed. R. Civ. Pro. 8; Kohler, 280 F.R.D. at 566. Twombly and Iqbal specifically focused on Rule 8(a); the Court never suggested that this standard should also govern affirmative defenses. Rule 8(a) requires that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Kohler, 280 F.R.D. at 566 (quoting F.R.C.P. 8(a)(2)). In contrast, Rule 8(c) only requires that a defendant "'affirmatively state' its affirmative defenses." Id. (quoting Fed. R. Civ. Pro. 8(c)). Therefore, factual plausibility is necessary to state a claim because the pleader must "show" entitlement to relief. Id. In contrast, a party pleading an affirmative defense only needs to "state" — not show entitlement to — its defense. Id. Therefore, courts should follow the Supreme Court's warning that "legislative action, not 'judicial interpretation,' is necessary to 'broaden the scope' of specific federal pleading standards." Id. (quoting Twombly, 550 U.S. at 569 n.14).

Furthermore, strong policy reasons exist for a different standard. A plaintiff has unlimited time to compose a complaint, but a defendant only has 21 days to respond and assert affirmative defenses. Id. (citing Holdbrook v. SAIA Motor Freight Line, LLC, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010)). Finally, although the Ninth Circuit has not explicitly ruled on this issue, it has applied the Wyshak standard to determine the sufficiency of pleadings post-Twombly/Iqbal. Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010).

For these reasons and in the absence of further direction from the U.S. Supreme Court or the Ninth Circuit Court of Appeals, this Court will not apply the Twombly/Iqbal plausibility standard to affirmative defenses. See, e.g., Schwarz, 2016 WL 4011716, at *4 (listing cases and concluding that "[w]ithin this district, the majority of courts to address the issue have applied the fair notice standard."); but see Nestle USA, Inc. v. Crest Foods, Inc., No. LACV1607519JAKAFMX, 2017 WL 3267665, at *22 (C.D. Cal. July 28, 2017) (listing cases that have applied the Twombly/Iqbal plausibility standard to affirmative defenses). Rather, the Court will evaluate each affirmative defense under the "fair notice" pleading standard that is clearly established and has been recently applied by the Ninth Circuit Court of Appeals. Wyshak, 607 F.2d at 827 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."); Simmons, 609 F.3d at 1023.

      2.      Popsockets did not violate Local Rule 7-3.

As an initial matter, Defendants argue that Popsockets's motion to strike should be denied for violating Local Rule 7-3. (Opp'n, Docket No. 34 at 5.) Local Rule 7-3 provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion." L.R. 7-3. Popsockets's notice of motion stated that "[t]he motion is made following the conference of counsel pursuant to L.R. which took place on November 30, 2017." (Mot., Docket No. 30 at 1.) The motion was filed on December 7, 2017. (Id.) Accordingly, Popsockets complied with Local Rule 7-3.

Defendants attached "Exhibit 1" to their Opposition in support of their argument that Popsockets violated Local Rule 7-3. (See Docket N0. 34-2.) Defendants submitted the exhibit without the requisite supporting affidavit or declaration, and the exhibit is therefore not properly authenticated. If the Court were to consider the exhibit, it merely shows that counsel communicated telephonically on November 30, 2017, in compliance with the local rules, and proceeded to have follow up discussions until December 2, 2017. This is not a violation of Local Rule 7-3.

      3.     Affirmative Defenses 1 and 7 – Failure to state a claim

Defendants' first affirmative defense is that "[t]he COMLAINT [sic] fails to state a claim upon which relief can be granted." (Docket Nos. 17, 19 at 14.) Their seventh affirmative defense is "PLAINTIFF's prayer for punitive damages is barred on the ground that PLAINTIFF has failed to allege or prove facts sufficient to state a claim for punitive damages or show that DEFENDANTS are or were guilty of oppression, fraud, or malice." (Id. at 15.)

The majority of courts do not permit a failure to state a claim to be asserted as an affirmative defense. See, e.g., Roland Corp. v. Inmusicbrands, Inc., No. 216CV06256CBMAJWX, 2017 WL 513924, at *2 (C.D. Cal. Jan. 26, 2017); Advanced Transit Dynamics, Inc. v. Ridge Corp., No. CV151877BROMANX, 2015 WL 12791518, at *2 (C.D. Cal. Aug. 6, 2015); but see E&J Gallo Winery v. Grenade Beverage LLC, No. 1:13-cv-00770, 2014 WL 41901, * 2 (E.D. Cal. Feb. 18, 2014) (noting that "[d]istrict courts have taken differing views over whether failure to state a claim is an affirmative defense that can be raised in an answer"). If Defendants "held a good faith belief that plaintiff had failed to state a claim in his

9

complaint, they could have and should have moved to dismiss any such claim pursuant to Rule 12(b)(6)." Hernandez v. Kokor, No. 116CV00716DADMJSPC, 2017 WL 4004165, at *2 (E.D. Cal. Sept. 12, 2017). Accordingly, the Court **grants** Popsockets's motion to strike Defendants' first and seventh affirmative defenses without leave to amend.

    4.    Affirmative Defenses 29, 35, 37 – Noninfringement

Defendants' affirmative defenses 29, 35, and 37 assert patent, copyright, and trademark noninfringement. (Docket Nos. 17, 19 at 21–22.) However, noninfringement is not an affirmative defense. See Drop Stop LLC v. Jian Qing Zhu, No. CV 16-07916-AG (SSX), 2017 WL 3452990, at *4 (C.D. Cal. June 20, 2017). "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). Accordingly, the Court **grants** Popsockets's motion to strike Defendants' affirmative defenses 29, 35, and 37 without leave to amend.

    5.    Affirmative Defense 22 – "Acted in good faith and without knowledge or intent to infringe"

Defendants twenty-second affirmative defense asserts that "PLAINTIFF's claims are barred as DEFENDANTS acted in good faith, innocent of any knowledge or intent to infringe PLAINTIFF's rights or cause damage to PLAINTIFF; and if such good faith and lack of intent does not preclude liability, any general or statutory damages awarded to PLAINTIFF should be reduced accordingly." (Docket Nos. 17, 19 at 19.) Under the Lanham Act, the absence of intent is not a defense to trademark infringement. 578539 B.C., Ltd. v. Kortz, No. CV1404375MMMMANX, 2014 WL 12572679, at *8 (C.D. Cal. Oct. 16, 2014) (citing Brookfield Communications v. West Coast Entertainment, 174 F.3d 1036, 1060 (9th Cir. 1999)). Likewise, absence of intent is not a defense to direct patent infringement and copyright infringement; both are strict liability offenses.[4] See Commil USA, LLC v. Cisco Sys., Inc., 135 S. Ct. 1920, 1926 (2015) (patent

---

[4] Defendants state in their opposition that "even if innocent intent does not generally derogate from liability, it can exert a bearing on the remedies available from liability," effectively conceding that innocent infringement is not a defense to copyright infringement. (Opp'n, Docket No. 34 at 8.

10

infringement); EMI Christian Music Grp., Inc. v. MP3tunes, LLC, 844 F.3d 79, 89 (2d Cir. 2016), cert. denied sub nom. Robertson v. EMI Christian Music Grp., Inc., 137 S. Ct. 2269 (2017), reh'g denied, 138 S. Ct. 43 (2017) (copyright infringement). However, Popsockets also alleges that Defendants induced others to infringe its patent. (See FACC ¶¶ 50–51, 54.) Liability for inducing infringement attaches only if the alleged infringer knew of the patent. Commil, 135 S.Ct. at 1926. Defendants plead sufficient facts to provide fair notice of the basis of the innocent infringement defense. Therefore, the Court **grants** Popsockets's motion to strike without leave to amend the innocent infringement defense as to Popsockets's claims for direct patent, trademark, and copyright infringement, but **denies** the motion as to Popsockets's claims for indirect patent infringement.

  5. Affirmative Defenses 2–4, 15, 17, 19, 24, 26–28, 31–34, and 41

Popsockets moves to strike affirmative defenses 2–4, 15, 17, 19, 24, 26–28, 31–34, and 41 for failure to provide fair notice. (Mot., Docket No. 31 at 7.) These defenses, which are not tied to any factual allegations, constitute "bare statement[s] of a legal doctrine lacking any articulated connection to the claims in this case." G & G Closed Circuit Events, LLC v. Nguyen, No. 10-CV-00168-LHK, 2010 WL 3749284, at *3 (N.D. Cal. Sept. 23, 2010); see also Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."). Arguments raised by Defendants in their opposition are not sufficient to provide Popsockets with fair notice. Accordingly, the Court **grants** Popsockets's motion to strike Defendants' affirmative defenses 2–4, 15, 17, 19, 24, 26–28, 31–34, and 41 with leave to amend.

  5. Affirmative Defenses 18 and 42 – Failure to plead fraud with particularity

Finally, Popsockets moves to strike affirmative defenses 18 and 42 for failure to plead fraud with particularity pursuant to Federal Rule of Civil Procedure 9(b). (Mot., Docket No. 31 at 9.) Affirmative defense 18 asserts that "PLAINTIFF's claims are barred by PLAINTIFF's fraud or deception in the copyright registration process for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support." (Docket Nos. 17, 19 at 18.) Affirmative defense 42 asserts that "PLAINTIFF's claims fail to the extent they are barred because the '031 Patent was fraudulently procured and/or the applicant for the '031 Patent engaged in inequitable conduct to procure the '031 Patent." (Id. at 23.) Under Rule

11

9(b), allegations of fraud, including those made as affirmative defenses, must be pled with particularity. See 578539 B.C., 2014 WL 12572679, at *12. Defendants fail to allege facts concerning the purported fraud, deception and/or inequitable conduct with particularity. Even under Rule 8, the defenses as currently pled fail to provide fair notice because Defendants failed to provide any factual support for the defenses. Therefore, the Court **grants** Popsockets's motion to strike affirmative defenses 18 and 42 with leave to amend.

## IV. Conclusion

For the foregoing reasons the Court **grants** Popsockets's motion to dismiss and **grants in part** and **denies in part** Popsockets's motion to strike. GiftekTM has 20 days to amend the FACC.

**IT IS SO ORDERED.**