Michael M. Ahmadshahi, Esq. (Bar No. 219933)
Email:  mahmadshahi@mmaiplaw.com
AHMADSHAHI LAW OFFICES
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone: 949.260.4997
Facsimile:  949.260.4996
Attorney for Defendants
GiftekTM, LLC and
Zoe Ozveren

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| POPSOCKETS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GIFTEKTM, LLC AND ZOE <br> OZVEREN <br><br> Defendants. | Case No.:  8:17-CV-01825-JVS-DFM <br><br> **DEFENDANT GIFTEKTM, LLC SECOND AMENDED COUNTERCLAIM PURSUANT TO FED.R.CIV.P. 15(a)(2)** <br><br> **DEMAND FOR JURY TRIAL** |
| GIFTEKTM, LLC <br><br> Counterclaimant, <br><br> v. <br><br> POPSOCKETS, LLC, <br><br> Counterdefendant. | **DATE:** <br> **TIME:** <br> **CTRM: 10C, 10th Fl.** <br><br> Judge: The Honorable James V. Selna |

## COUNTERCLAIMS

Pursuant to this Court's Order (Dkt. 38) and Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant GiftekTM, LLC ("GIFTEKTM" or "DEFENDANT"), by and through its undersigned counsel, hereby asserts the following Second Amended Counterclaims, a redline copy of which is attached as Exhibit-1, against Plaintiff and Counterdefendant PopSockets, LLC ("POPSOCKETS" or "PLAINTIFF"), as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, as well as Lanham Act, 15 U.S.C. § 1051, *et seq.* In addition, this Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, excluding interest and costs. This Court has supplemental jurisdiction over these Counterclaims with respect to the California state law claims pursuant to 28 U.S.C. §1367(a).

2.     This Court has personal jurisdiction over PLAINTIFF in that PLAINTIFF consented to this Court's jurisdiction by virtue of having filed its Complaint ("COMPLAINT") (Docket No. 1) against DEFENDANT.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 as PLAINTIFF may be found or transact business in this district, and the violations alleged arose and are continuing to occur in this district. Venue is further

appropriate in this Court because PLAINTIFF consented to this venue as a result of filing its COMPLAINT in this venue.

## PARTIES

4.      GIFTEKTM is a California Limited Liability Company with its Principal Office at 198 Borrego, Irvine, CA 92618.

5.      Upon information and belief, POPSOCKETS is a corporation organized under the laws of Colorado with its Principal Place of Business at 3033 Sterling Circle, Boulder, CO 80301.

## INTRODUCTION

6.      GIFTEKTM[1] is an online merchant of the Expanding Stand & Grip ("GIFTEKTM PRODUCT"), commonly described as "pop sockets."

7.      GIFTEKTM sells GIFTEKTM PRODUCT, through online marketplaces, namely, Amazon.com, eBay.com, Wanelo.com, and Shopify.com which hosts GIFTEKTM's own website at buygiftek.com. GIFTEKTM and POPSOCKETS are competitors.

---

[1] GIFTEKTM was organized as a Limited Liability Company under the laws of the State of California on August 10, 2017. GiftekTM, LLC ("GIFTEKTM-TX"), also an online merchant of GIFTEKTM PRODUCT, was organized as a Limited Liability Company under the laws of the State of Texas on November 29, 2016. On August 28, 2017, GIFTEKTM and GIFTEKTM-TX merged upon which the latter disappeared and the former was the surviving entity.

8.    "Amazon.com ("AMAZON") is an American electronic commerce and cloud commerce and cloud computing company based in Seattle, Washington that was founded by Jeff Bezos on July 5, 1994. The tech giant is the largest Internet retailer in the world measured by revenue and market capitalization, and second largest after Alibaba Group in terms of total sales."[2]

9.    "eBay Inc. ("EBAY") is a multinational e-commerce corporation headquartered in San Jose, California that facilitates consumer-to-consumer and business-to-consumer sales through its website. eBay was founded by Pierre Omidyar in 1995, and became a notable success story of the dot-com bubble. Today, eBay is a multi-billion-dollar business with operations in about 30 countries. The company manages eBay.com, an online auction and shopping website in which people and businesses buy and sell a wide variety of goods and services worldwide."[3]

10.   "More than half of U.S. online consumers begin their product searches on Amazon.com Inc.'s website or mobile app, a survey found.[4]" There are approximately 186 million online shoppers on AMAZON and 86 million online shoppers on EBAY[5].

---

[2] See, https://en.wikipedia.org/wiki/Amazon_(company).

[3] See, https://en.wikipedia.org/wiki/EBay.

[4] See, https://www.bloomberg.com/news/articles/2016-09-27/more-than-50-of-shoppers-turn-first-to-amazon-in-product-search

[5] https://www.statista.com/statistics/271450/monthly-unique-visitors-to-us-retail-websites/

SECOND AMENDED COUNTERCLAIM

11.    On information and belief, both EBAY and AMAZON are considered Internet Service Providers ("ISPs").

12.    On information and belief, pop sockets that are aesthetically similar to GIFTEKTM PRODUCT, have been sold online at least on EBAY and AMAZON by third parties at least since December 1, 2016 in the United States, Canada, Europe, and Asia.

## COMMON ALLEGATIONS

13.    In the period from February 2017 through May 2017, EBAY issued several emails to GIFTEKTM stating that it has received, on information and belief, takedown notices pursuant to 15 U.S.C. § 512(c) ("DMCA NOTICE") from POPSOCKETS claiming violation of its copyrights, and takedown notices pursuant to its Terms of Service ("TOS NOTICE") from POPSOCKETS claiming violation of its alleged trademark.

14.    POPSOCKETS' intellectual property manager, Kelly Frazier ("FRAZIER"), is a licensed patent agent, registration No. 64,639 (see, Exhibit-2) and, on information and belief, prosecutes both utility and design patent applications at the United States Patent and Trademark Office ("USPTO"), who, on information and belief, issued the DMCA NOTICES and TOS NOTICES to EBAY.

15.    As a result of POPSOCKETS' DMCA NOTICES and TOS NOTICES, EBAY removed GIFTEKTM PRODUCTS having customized images ("CUTOMIZED IMAGES") corresponding to at least the following: 272561500483, 272561511662, 272561511665, 272561616868, 272561668842,

272562170282, 272562196518, 272566019363, 272566039512, 272567840689, 272567850157, 272569275212, 272580169511, 272580175417, 272580177489, 272580182994, 272580206650, 272580217814, 272596662233, 272603691558, 272641975824, 272643729025, 272645259218, 272646862176, 272647036324 (collectively "REMOVED EBAY LISTINGS").

16.     On information and belief, FRAZIER had made misrepresentations in one or more DMCA NOTICES to EBAY regarding these REMOVED EBAY LISTINGS in bad faith because she knew that POPSOCKETS was not the copyright owner.

17.     On information and belief, FRAZIER made misrepresentations in one or more TOS NOTICES to EBAY regarding these REMOVED EBAY LISTINGS in bad faith because she knew POPSOCKETS' alleged trademark was not infringed by GIFTEKTM because any alleged use of the terms POP and SOCKETS by GIFTEKTM was for describing its products and as such was a classic fair use of POPSOCKETS' alleged trademark.

18.     On information and belief, FRAIZER issued the DMCA NOTICES and the TOS NOTICES in bad faith only to cause EBAY to remove GIFTEKTM PRODUCTS' listings and prevent GIFTEKTM from selling on EBAY.

19.     In or about June 2017, AMAZON emailed GIFTEKTM stating that it has received, on information and belief, a TOS NOTICE pursuant to Amazon's Service Agreement, from FRAIZER claiming violation of its "utility patent."

20.    On June 12, 2017, GIFTEKTM emailed POPSOCKETS stating that it did not infringe any patent but was willing to "work this out" without any adversarial proceedings in court.

21.    In the period between June 12, 2017 and June 19, 2017, in a series of emails between GIFTEKTM and POPSOCKETS, the latter refused to work with the former and on October 18, 2017 filed its COMPLAINT[6] asserting, amongst others, infringement of the U.S. Patent No. 8,560,031 (the "'031 Patent").

22.    On information and belief, in the period from June 9, 2017 and October 30, 2017, FRAIZER had made several misrepresentations by issuing, at least to AMAZON, several DMCA NOTICES claiming copyright infringement and several TOS NOTICES claiming design patent infringement and utility patent infringement as described below.

23.    As a result of POPSOCKETS' DMCA NOTICES and TOS NOTICES, AMAZON removed GIFTEKTM PRODUCTS having CUTOMIZED IMAGES corresponding to at least the following Amazon Seller Identification Numbers ("ASINs"), B071ZKTTC3, B071G6GXTL, B071ZN9TK9, B071KVR27C, B072P28ZJ1, B072FL473B, B0711667XF, B0727QKV9Z, B072BB63WV, B071167MRH, B072J3XDDQ, B071H8WWKW, B072P26MCC, B0713RZGH5, B072HHKBGT, B072P23PQ7, B071LHHPDX, B0713RSLYN, B072P1CDY9, B072J41HRZ, B071DPFYL1, B071RMJB7X, B072HHMZ19, B071LJYYLF,

---

[6] POPSOCKETS first filed its Complaint against GIFTEKTM-TX, entitled *PopSockets, LLC v GiftekTM, LLC and Zoe Ozveren*, U.S. District Court for the Southern District of Texas, Case 4:17-cv-02463. The case was voluntarily dismissed without prejudice upon the parties' agreement to refile the case in California.

B072BBD8VM, B072P1SBSW, B07254NNCG, B071V77KBW, B071FCJGFV, B071SB1P42, B07455SGXR, B074565RDD, B073J83PZJ, B07453KF92, B07459SV5H, B07452MJDF, B07459FMZG, B07457CKHR, B073JB8451, and B071LHHPDX (collectively "REMOVED AMAZON LISTINGS").

24.    GIFTEKTM requested POPSOCKETS to retract its DMCA NOTICES and TOS NOTICES, and AMAZON to relist its products providing evidence to AMAZON and, on information and belief, to POPSOCKETS who were copied on the emails to AMAZON that GIFTEKTM had either purchased the CUTOMIZED IMAGES at http://www.istockphoto.com or that said CUTOMIZED IMAGES were fallen into the public domain and thus available for free to use at https://www.pexels.com, and therefore POPSOCKETS was not the right owner.

25.    On June 9, 2017, AMAZON emailed GIFTEKTM stating that FRAIZER, prior to June 9, 2017, had issued a TOS NOTICE claiming violation of POPSOCKETS' "design patent." (See, Exhibit-3) GIFTEKTM had appealed AMAZON's decision because in that same email AMAZON stated that it had determined POPSOCKETS' allegations were false and on June 9, 2017, AMAZON relisted GIFTEKTM PRODUCTS corresponding to ASINs.: B0722N1G4R and B071RMNKFF, clearly revealing FRAIZER's bad faith misrepresentation made in the TOS NOTICE with respect to infringement of the '022 Design Patent. In the same email, however, AMAZON stated that FRAZIER, prior to June 9, 2017, had issued another TOS NOTICE claiming violation of POPSOCKETS' "utility patent" regarding the same ASINs B0722N1G4R and B071RMNKFF and requested that GIFTEKTM contact FRAZIER at fakes@popsockets.com to resolve the issue.

26.     POPSOCKETS' one and only U.S. Design Patent No. D777,022 (the "'022 Design Patent") (See, Exhibit-4) is shown below and compared with the alleged GIFTEKTM's Accused Product:



POPSOCKETS' '022 Design Patent



ALLEGED GIFTEKTM's ACCUSED PRODUCT (See, Dkt. 1)

27.     On information and belief, FRAZIER knew that the '022 Design Patent was not infringed by GIFTEKTM but made the misrepresentation by issuing

the TOS NOTICE in bad faith only to cause AMAZON to remove GIFTEKTM PRODUCTS' listings and prevent GIFTEKTM from competing with POPSOCKETS on AMAZON. Even as an ordinary observer, FRAIZER knew that any such infringement contentions was objectively baseless.

28.   On information and belief, prior to July 1, 2017, FRAZIER had made misrepresentations in bad faith in one or more DMCA NOTICES and TOS NOTICES to AMAZON regarding eleven (11) of GIFTEKTM's PRODUCTS, i.e., ASINs.:   B0711667XF;   B0727QKV9Z;   B072FL473B;   B072BBD8VM; B072P1SBSW;  B07254NNCG;  B071V77KBW;  B071FCJGFV;  B071SB1P42; B072P28ZJ1; and B072BB63WV.

29.   On information and belief, FRAZIER had made the misrepresentations in the DMCA NOTICES to AMAZON regarding these 11 ASINs in bad faith and she knew that POPSOCKETS was not the copyright owner because she had been informed that GIFTEKTM had either purchased the CUTOMIZED IMAGES at http://www.istockphoto.com or that said CUTOMIZED IMAGES were fallen into the public domain and thus available for free to use at https://www.pexels.com.

30.   On  information  and  belief,  FRAZIER  had  made  the misrepresentations in the TOS NOTICES to AMAZON regarding these 11 ASINs in bad faith because FRAZIER knew that the '022 Design Patent was not infringed by GIFTEKTM but made the misrepresentation by issuing the TOS NOTICES in bad faith only to cause AMAZON to remove GIFTEKTM PRODUCTS' listings and prevent GIFTEKTM from competing with POPSOCKETS on AMAZON. Even as an ordinary observer, FRAIZER knew that any such infringement contentions would be objectively baseless.

31.    On July 1, 2017, AMAZON emailed GIFTEKTM stating that it has reinstated the 11 ASINs clearly revealing FRAIZER's bad faith misrepresentation made in the TOS NOTICES and the DMCA NOTICES. (See, Exhibit-5)

32.    On August 24, 2017, while POPSOCKETS' Texas Action was pending, AMAZON emailed GIFTEKTM stating that it has received, on information and belief, a DMCA NOTICE from FRAZIER and has removed nine (9) products corresponding to the ASINs.: B07455SGXR; B074565RDD; B073J83PZJ; B07453KF92; B07459SV5H; B07452MJDF; B07459FMZG; B07457CKHR; and B073JB8451. (See, Exhibit-6)

33.    On information and belief, FRAZIER had made misrepresentations in the DMCA NOTICE to AMAZON regarding these 9 ASINs in bad faith and she knew that these ASINs did not belong to GIFTEKTM but made the misrepresentation by issuing the DMCA NOTICE in bad faith only to cause AMAZON to remove GIFTEKTM PRODUCTS' listings and prevent GIFTEKTM from competing with POPSOCKETS on AMAZON.

34.    On September 27, 2017, while POPSOCKETS' Texas Action was pending, AMAZON emailed GIFTEKTM stating that it has received, on information and belief, one or more DMCA NOTICES and one or more TOS NOTICES from FRAZIER and has removed one (1) product corresponding to the ASIN.: B071LHHPDX. (See, Exhibit-7)

35.    On information and belief, FRAZIER had made the misrepresentations in the DMCA NOTICES to AMAZON regarding this 1 ASIN in bad faith and she knew that POPSOCKETS was not the copyright owner because she had been

informed that GIFTEKTM had either purchased the CUTOMIZED IMAGES at http://www.istockphoto.com or that said CUTOMIZED IMAGES were fallen into the public domain and thus available for free to use at https://www.pexels.com.

36.   On   information   and   belief,   FRAZIER   had   made   the misrepresentations in the TOS NOTICES to AMAZON regarding this 1 ASIN in bad faith because FRAZIER knew that the '022 Design Patent was not infringed by GIFTEKTM but made the misrepresentation by issuing the TOS NOTICES in bad faith only to cause AMAZON to remove GIFTEKTM PRODUCTS' listings and prevent GIFTEKTM from competing with POPSOCKETS on AMAZON. Even as an ordinary observer, FRAIZER knew that any such infringement contentions would be objectively baseless.

37.   On October 23, 2017, AMAZON emailed GIFTEKTM stating that it has reinstated the 1 ASIN clearly revealing FRAIZER's bad faith misrepresentation made in the DMCA NOTICES and the TOS NOTICES with respect to infringement of the '022 Design Patent and POPSOCKETS' copyright ownership. (See, Exhibit-8)

38.   On this last email of September 27, 2017, AMAZON warned GIFTEKTM that its account is under review. AMAZON stated: "[I]f we receive more complaints about your listings, we may not allow you to sell on Amazon.com."

39.   On September 27, 2017 and on October 3, 2017, GIFTEKTM, via its undersigned counsel, emailed AMAZON to relist GIFTEKTM PRODUCTS having the CUTOMIZED IMAGES corresponding to some or all of the aforementioned

REMOVED AMAZON LISTINGS, to no avail, because AMAZON stated that it would not relist those products unless and until POPSOCKETS retracted its DMCA NOTICES and/or TOS NOTICES.

40.    On October 25, 2017, GIFTEKTM, via its undersigned counsel, emailed POPSOCKETS' counsel requesting POPSOCKETS to retract its DMCA NOTICES and/or TOS NOTICES corresponding to the remainder of the REMOVED AMAZON LISTINGS since the parties are litigating their disputes in court.

41.    On October 30, 2017, POPSOCKES, on information and belief, retracted its DMCA NOTICES and/or TOS NOTICES and AMAZON relisted all of GIFTEKTM PRODUCTS corresponding to the remainder of the REMOVED AMAZON LISTINGS.

42.    On November 13 and 14, 2017, AMAZON emailed GIFTEKTM that it has suspended its account at least partly because of POPSOCKETS' pending DMCA NOTICES and/or TOS NOTICES with AMAZON and that GIFTEKTM should contact POPSOCKETS requesting that the latter retract its complaint.

43.    On November 15, 2017, GIFTEKTM, via its undersigned counsel, spoke telephonically with POPSOCKETS' counsel explaining AMAZON's response and requesting POPSOCKETS to retract any and all of its DMCA NOTICES and/or TOS NOTICES.

44.    On the same day, POPSOCKETS' counsel emailed GIFTEKTM's undersigned counsel stating: "PopSockets is not responsible for the takedown

request(s) identified below. PopSockets further confirmed with Amazon today that PopSockets has no association with Complaint ID: 1191163301."

45. On the same day, GIFTEKTM's undersigned counsel emailed AMAZON providing them with POPSOCKETS' response and requesting that AMAZON reinstate GIFTEKTM's account.

46. On November 15, 2017, AMAZON issued several emails to GIFTEKTM again stating that POPSOCKET would have to retract its DMCA NOTICES and/or TOS NOTICES before GIFTEKTM's account could be reinstated. (See, Exhibit-9)

47. POPSOCKETS' alleged copyrighted Works of Art are substantially similar to the drawings included in the '031 Patent disclosure. (See, Dkt. 1-2, Pages 2-5, and Dkt. 1-1, Page 4, Figures 1A and 1B, Page 10, Figures 6-9, and Page 11, Figures 10A and 10B.) However, the '031 Patent disclosure, including the drawings, does not include any copyright notice and the requisite authorization as required under 37 CFR §§ 1.71(d) and (e), and 37 CFR §§ 1.84(s)[7]. The '031 Patent

---

[7] 37 CFR §§ 1.71. DETAILED DESCRIPTION AND SPECIFICATION OF THE INVENTION.
". . . (d) A copyright or mask work notice may be placed in a design or utility patent application adjacent to copyright and mask work material contained therein. The notice may appear at any appropriate portion of the patent application disclosure. For notices in drawings, see § 1.84(s). The content of the notice must be limited to only those elements provided for by law. For example, "©1983 John Doe" (17 U.S.C. 401) and "*M* John Doe" (17 U.S.C. 909) would be properly limited and, under current statutes, legally sufficient notices of copyright and mask work, respectively. Inclusion of a copyright or mask work notice will be permitted only if the authorization language set forth in paragraph (e) of this

was first published on December 27, 2012 and POPSOCKETS filed to register its alleged copyrights to those drawings on July 20, 2017.

48.     An actual controversy exists between DEFENDANT GIFTEKTM on one hand, and PLAINTIFF POPSOCKETS on the other hand, under 28 U.S.C. § 2201 relating to the alleged infringement and validity of the '031 Patent.

---

section is included at the beginning (preferably as the first paragraph) of the specification.

(e) The authorization shall read as follows:

A portion of the disclosure of this patent document contains material which is subject to (copyright or mask work) protection. The (copyright or mask work) owner has no objection to the facsimile reproduction by anyone of the patent document or the patent disclosure, as it appears in the Patent and Trademark Office patent file or records, but otherwise reserves all (copyright or mask work) rights whatsoever. . ."

37 CFR §§ 1.84. STANDARDS FOR DRAWINGS.

". . . (s) Copyright or Mask Work Notice. A copyright or mask work notice may appear in the drawing, but must be placed within the sight of the drawing immediately below the figure representing the copyright or mask work material and be limited to letters having a print size of.32 cm. to.64 cm. (1/8 to 1/4 inches) high. The content of the notice must be limited to only those elements provided for by law. For example, "©1983 John Doe" (17 U.S.C. 401) and "*M* John Doe" (17 U.S.C. 909) would be properly limited and, under current statutes, legally sufficient notices of copyright and mask work, respectively. Inclusion of a copyright or mask work notice will be permitted only if the authorization language set forth in § 1.71(e) is included at the beginning (preferably as the first paragraph) of the specification. . ."

49.     Because PLAINTIFF POPSOCKETS filed the instant COMPLAINT against DEFENDANT GIFTEKTM, the latter has standing to file counterclaims for declaratory judgments of non-infringement and invalidity.

## COUNT ONE: DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE '031 PATENT

50.     GIFTEKTM realleges and incorporates by reference the allegations of paragraphs 1-49 inclusive, as though fully set forth.

51.     Based on PLAINTIFF POPSOCKETS' filing of the COMPLAINT and at least DEFENDANT GIFTEKTM's denial of infringement of the '031 Patent, an actual controversy has arisen and now exists as to whether DEFENDANT GIFTEKTM infringes the '031 Patent.

52.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, DEFENDANT GIFTEKTM requests a declaration by the Court that DEFENDANT GIFTEKTM has not infringed and does not infringe any claim of the '031 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT TWO: DECLARATORY JUDGEMENT OF INVALIDITY OF THE '031 PATENT

53.     GIFTEKTM realleges and incorporates by reference the allegations of paragraphs 1-52 inclusive, as though fully set forth.

54.     Based on PLAINTIFF POPSOCKETS' filing of the COMPLAINT and at least DEFENDANT GIFTEKTM's denial of validity of the '031 Patent, an actual controversy has arisen and now exists as to the validity of the claims of the '031 Patent.

55.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, DEFENDANT GIFTEKTM requests a declaration by the Court that the claims of the '031 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and 116 and the rules, regulations, and laws pertaining thereto.

## COUNT THREE: CALIFORNIA UCL (B&P CODE § 17200 ET SEQ)

56.     GIFTEKTM realleges and incorporates by reference the allegations of paragraphs 1-55 inclusive, as though fully set forth.

57.     POPSOCKETS has made several bad faith misrepresentations made in the TOS NOTICES to AMAZON concerning GIFTEKTM's alleged infringement of the '022 Design Patent knowing such contentions were objectively baseless, and the TOS NOTICES to EBAY concerning GIFTEKTM's alleged trademark infringement with knowledge of its classic fair use. POPSOCKETS wrongful conduct has caused EBAY to remove GIFTEKTM's PRODUCTS and AMAZON to suspend GIFTEKTM's account, effectively operating as an extrajudicial de facto injunction against GIFTEKTM.

58.     POPSOCKETS has also obtained copyright registrations for some, if not all, of the alleged Works of Art which are substantially similar to the drawings included in the '031 Patent disclosure publication without providing any copyright notice and the requisite authorization as required under 37 CFR §§ 1.71(d) and (e), and 37 CFR §§ 1.84(s), and almost five (5) years later has asserted those alleged copyright rights against the general public and its competitors including GIFTEKTM.

59.     POPSOCKETS made these bad faith misrepresentations before and after it filed suit against GIFTEKTM having full knowledge of their impacts on EBAY and AMAZON and intending to harm GIFTEKTM by preventing GIFTEKTM from selling its products on two of the largest Internet retailers, EBAY and AMAZON, depriving tens of millions of online shoppers from purchasing competing products from GIFTEKTM.

60.     Juxtaposing these wrongful acts and POPSOCKETS' bad faith misrepresentations in the DMCA NOTICES, knowing it was not the copyright owner of the CUTOMIZED IMAGES, shows a clear anticompetitive conduct. POPSOCKETS' conduct as described herein, including but not limited to, repeatedly wielding an unenforceable design patent, complaining about fair use of its alleged trademark, and claiming copyrights to publicly owned material, only to portray its competitor GIFTEKTM as a wrongdoer to EBAY and AMAZON so as to eliminate competition, constitutes unfair business practices in violation of California Business and Professions Code Section 17200.

61.     As a direct and proximate result of POPSOCKETS' conduct, GIFTEKTM has suffered and will continue to suffer damage. Specifically, by its

repeated misrepresentations to EABY and AMAZON, POPSOCKETS has further damaged GIFTEKTM's goodwill and business reputation by portraying GIFTEKTM as a counterfeiter to EBAY and AMAZAN, thus, causing EBAY to remove GIFTEKTM PRODUCT listings and AMAZON to do the same and further suspend GIFTEKTM's account. Unless enjoined by this Court, POPSOCKETS' unfair business practices have and will continue to cause great and irreparable injury to GIFTEKTM. Moreover, GIFTEKTM has no other adequate remedy at law for such acts and threatened acts, and therefore pursuant to California Business and Professions Code Section 17203, a preliminary and permanent injunction should issue.

62.    The unfair business practices set forth herein have been undertaken with knowledge by POPSOCKETS willfully with the intention of causing harm to GIFTEKTM in the form of lost sales and for the calculated purpose of damaging GIFTEKTM's goodwill and business reputation.

63.    POPSOCKETS' unfair business practices set forth herein have deprived GIFTEKTM of the right to sell its products including GIFTEKTM PRODUCTS and to control the use of its goodwill and business reputation.

64.    As a direct and proximate result of POPSOCKETS' unfair business practices set forth herein, GIFTEKTM has suffered damages in the form of lost sales and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial. GIFTEKTM is entitled to all available relief provided for in California Unfair Competition Law (B&P Code § 17200 et seq.) including permanent injunctive relief.

65.     POPSOCKETS committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure GIFTEKTM in its business and with conscious disregard for GIFTEKTM's rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

## COUNT FOUR: 17 U.S.C. § 512 (F) MISREPRESENTATION

66.     GIFTEKTM realleges and incorporates by reference the allegations of paragraphs 1-65 inclusive, as though fully set forth.

67.     On information and belief, POPSOCKETS has made bad faith misrepresentations in several DMCA NOTICES to EBAY and AMAZON regarding at least the REMOVED EBAY LISTINGS and the REMOVED AMAZON LISTINGS and POPSOCKETS knew that it was not the copyright owner.

68.     On information and belief, POPSOCKETS had actual subjective knowledge of the aforementioned misrepresentations because she knew that GIFTEKTM had either purchased the CUTOMIZED IMAGES at http://www.istockphoto.com or that said CUTOMIZED IMAGES were fallen into the public domain and thus available for free to use at https://www.pexels.com, and therefore POPSOCKETS was not the right owner. With this actual subjective knowledge, POPSOCKETS acted in bad faith when it sent the DMCA NOTICES, knowingly and materially misrepresenting that they had concluded that the CUTOMIZED IMAGES were infringing.

69.     POPSOCKETS violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting that the CUTOMIZED IMAGES infringed POPSOCKETS' copyright.

70.     As a direct and proximate result of POPSOCKETS' actions, GIFTEKTM has been injured substantially and irreparably. Such injury includes, but is not limited to, the lost sales and account suspension at AMAZON.

## COUNT FIVE: INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

71.     GIFTEKTM realleges and incorporates by reference the allegations of paragraphs 1-70 inclusive, as though fully set forth.

72.     GIFTEKTM sells its PRODUCTS on EBAY and AMAZON according to EBAY's Terms of Service and AMAZON's Service Agreement.

73.     POPSOCKETS knew of the Terms of Service and Service Agreement between GIFTEKTM and EBAY, and GIFTEKTM and AMAZON, because POPSOCKETS itself has been selling and continues to sell its competing products according to the same agreements on EBAY and AMAZON.

74.     Beginning in February 2017 through May 2017, POPSOCKETS made several misrepresentations by issuing several TOS NOTICES to EBAY claiming trademark infringement in bad faith because it knew POPSOCKETS' alleged trademark was not infringed by GIFTEKTM since any alleged use of the terms POP

and SOCKETS by GIFTEKTM was for describing its products and as such was a classic fair use of POPSOCKETS' alleged trademark.

75.    Beginning in June 2017 through November 13, 2017, POPSOCKETS made several misrepresentations by issuing several TOS NOTICES to AMAZON claiming GIFTEKTM infringed on its '022 Design Patent in bad faith because it knew that any such infringement contentions would be objectively baseless.

76.    POPSOCKETS' repeated bad faith misrepresentations made in the TOS NOTICES to EBAY and AMAZON concerning GIFTEKTM's alleged trademark infringement and the '022 Design Patent infringement, even after it filed suit against GIFTEKTM, was designed to destroy GIFTEKTM's relationships with EBAY and AMAZON.

77.    As a result of POPSOCKETS' TOS NOTICES, EBAY removed twenty-five (25) of GIFTEKTM PRODUCTS listings.

78.    On or about November 13, 2017, AMAZON suspended GIFTEKTM's account due to POPSOCKETS' pending TOS NOTICES with AMAZON.

79.    As a direct and proximate result of POPSOCKETS' conduct, GIFTEKTM has suffered and will continue to suffer damage, the amount of which will be proven at the time of trial.

## **REQUEST FOR RELIEF**

**WHEREFORE**, in consideration of the foregoing, GIFTEKTM respectfully requests that this Court enter judgement as follows:

**I.**     A declaration that the '031 Patent is invalid;

**II.**     A declaration that GIFTEKTM does not infringe, under any theory, any valid claim of the '031 Patent;

**III.**     A declaration that the POPSOCKETS takes nothing by its COMPLAINT;

**IV.**     A finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to GIFTEKTM of its costs and attorneys' fees incurred in this action;

**V.**     That POPSOCKETS has violated California statutory unfair competition laws under B&P Code § 17200 et seq., and that said violations were willful;

**VI.**     For a preliminary and/or permanent injunction requiring POPSOCKETS to withdraw its takedown requests and/or issuing further takedown requests with AMAZON or any other online marketplace regarding its complaint of alleged infringement of any kind as to GIFTEKTM PRODUCTS;

SECOND AMENDED COUNTERCLAIM

**VII.**   After a hearing on the merits, grant GIFTEKTM an award of all profits realized by POPSOCKETS by reason of POPSOCKETS' unlawful acts herein alleged.

**VIII.**  Awarding GIFTEKTM punitive damages in connection with its claims under California law;

**IX.**   Attorney fees pursuant to 17 U.S.C. § 512(f);

**X.**   Judgment against POPSOCKETS and in favor of GIFTEKTM;

**XI.**   Dismissal of the COMPLAINT with prejudice; and

**XII.**   Grant GIFTEKTM such other and further relief as the Court may deem just.

Respectfully submitted,

Dated: January 27, 2018,          AHMADSHAHI LAW OFFICES

By:   /s/Michael M. Ahmadshahi
      Michael M. Ahmadshahi, Esq.
      Attorney for Defendants

SECOND AMENDED COUNTERCLAIM

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), GIFTEKTM demands a trial by jury on all matters to which it is entitled by law.

Dated: January 27, 2018,

By:    /s/ Michael M. Ahmadshahi
Michael M. Ahmadshahi, Esq.
AHMADSHAHI LAW OFFICES
Michael M. Ahmadshahi, Esq.
2030 Main Street, Ste. 1300
Irvine, CA 92614
Telephone: 949.260.4997
Facsimile:  949.260.4996
Email:  mahmadshahi@mmaiplaw.com
Attorney for Defendants

# CERTIFICATE OF SERVICE

I, Michael M. Ahmadshahi, certify under penalty of perjury that the foregoing was served on the interested parties listed below, via the Court's Electronic Filing Program, United States Mail, Electronic Mail, and/or any other manner permitted by the Federal Rules of Civil Procedure on January 27, 2018.

Dated: January 27, 2018,

By:     /s/ Michael M. Ahmadshahi
        Michael M. Ahmadshahi, Esq.
        AHMADSHAHI LAW OFFICES
        Michael M. Ahmadshahi, Esq.
        2030 Main Street, Ste. 1300
        Irvine, CA 92614
        Telephone: 949.260.4997
        Facsimile:  949.260.4996
        Email:  mahmadshahi@mmaiplaw.com
        Attorney for Defendants

Benjamin T. Horton
bhorton@marshallip.com
Tron Y. Fu
tfu@marshallip.com
Michelle Bolos
mbolos@marshallip.com
MARSHALL, GERSTEIN & BORUN LLP
233 S. Wacker Dr., 6300 Willis Tower
Chicago, IL 60606
Phone: (312) 474-6300
Facsimile: (312) 474-0448

Michelle E. Armond
michelle.armond@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

SECOND AMENDED COUNTERCLAIM